### John Jefferson v. The State.

No. 11724. Delivered June 20, 1928.

The opinion states the case.

*Williford & Geppert* of Fairfield, for appellant.

*A. A. Dawson* of Canton, State's Attorney for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, five years in the penitentiary.

This killing occurred at a negro church and school house shortly after the breaking up of a supper of some kind participated in by a large number of colored people. Appellant and his brother Brysie Jefferson lived west of the church some mile or three quarters. They lived not very far apart. They were at the scene of the supper sometime during the evening, but left. The killing must have occurred in the neighborhood of 12 o'clock at night. The State introduced a number of witnesses who testified that between 11 and 12 o'clock appellant was at Brysie Jefferson's house with a shot gun and there obtained some shot gun shells, and that he was joined by Brysie Jefferson who also had a gun. Witnesses testified to meeting the two accompanied by one Busby at different points between the home of appellant and the scene of the shooting. Appellant and his brother were going toward the church, each having a gun, and one witness testified positively that appellant had the shot gun. One woman testified that she was at the scene of the supper and was expecting to go away from same in a car with deceased Livingston. Livingston's car was out of order and he and some boys were trying to get it started. The only parties at this car were Livingston, Thine Moffett and three boys. One witness testified that as he met appellant and his brother on their way to the scene of the difficulty, Brysie Jefferson asked him if Thine Moffett was at the church. This witness also testified that after hearing the shooting he started toward the church and met appellant and his brother coming away, and that each of them had a gun, and that Brysie told him to go down there and pick up his dead cousin. This witness was a cousin of Thine Moffett. Another witness testified that he met these same parties coming away from the scene of the killing, and was told to go down and pick up his dead cousin in the road. This witness was a cousin of Livingston, the deceased in the instant case. Just west of the church some two hundred steps was a bridge over a branch. The woman above referred to said while waiting for Livingston to start his car she walked on up the road west expecting Livingston to come on and pick her up. She met appellant and his brother with their guns, and asked each of them what he was going to do and received the reply, nothing. In a moment or two she heard the sound of a shot gun which was followed by three shots from a rifle. She said

she knew the difference in the sounds of the two guns. Thine Moffett was at the supper on horseback, and immediately after the shooting his horse came running toward this witness who caught him. Livingston's body was found about twenty-nine steps from the church filled with shot from the waist to the head. Moffett's body was between one and two hundred yards west from the body of Livingston and he was shot three times through the body with a rifle. One Busby was indicted for complicity in this matter, but his case was dismissed, and he was used as a witness for the defense. He testified that Brysie Jefferson fired all the shots.

There is complaint of the fact that the charge submitted the law of principals. Appellant and his brother were seen just before the shooting near the scene of the difficulty, appellant having a shotgun and his brother a rifle. One of the dead men was killed with a shot gun, the other with a rifle. Appellant and his brother were seen directly after the killing going away from the scene, each of them having a gun. We think the evidence justified the trial court in submitting the law of principals.

Paragraph eight of the court's charge is as follows:

"If you believe from the evidence beyond a reasonable doubt that Brysie Jefferson or some other person unlawfully shot and killed Nathaniel Moffett, with malice aforethought as above defined, if he was killed, and that at the same time, E. J. Livingston was killed, if he was killed, and that John Jefferson was present and knowing the unlawful intent to kill Nathaniel Moffett, if he was killed, aided by acts or encouraged by words or gestures Brysie Jefferson or some other person actually engaged in the commission of the offense of shooting Nathaniel Moffett, if he was shot, although you may believe from the evidence that said E. J. Livingston was killed through a mistake or accident, if he was killed, the defendant would be guilty of the murder of E. J. Livingston and you will assess his punishment as hereinbefore instructed; and unless you do so believe from the evidence beyond a reasonable doubt that the defendant was acting with Brysie Jefferson or some other person in the killing of Nathaniel Moffett, if he was killed, you will not consider the evidence of the killing of Nathaniel Moffet for any purpose."

Several exceptions were directed at this charge. We think it unquestionably an incorrect statement of the law. Examination of it discloses that in same the jury were told that they might find this appellant guilty of the murder of E. J. Livingston if they believed he was present and acting with his brother in the killing of Nathaniel

Moffett. The question of the guilt of appellant of the killing of Livingston is in nowise made to depend upon whether he or his brother shot Livingston by accident or mistake. It could not be the law that if Brysie Jefferson killed Moffett and that John Jefferson (appellant) was present and knowing the unlawful intent of Brysie Jefferson, was aiding or encouraging him by words or gestures in the killing of Moffett, and that Livingston was killed merely through some accident or mistake, then the defendant would be guilty of killing Livingston. Yet such is the declaration of this charge. We presume the court intended to tell the jury, in substance, that if they find and believe from the evidence beyond a reasonable doubt that the appellant was a principal offender with Brysie Jefferson in the killing of Moffett, and that such killing was under circumstances which make it murder, and that if in an effort to kill Moffett, or intending to kill Moffett, appellant's brother by accident or mistake killed Livingston, then appellant would also be a principal in the killing of Livingston, but this instruction was not given. We have carefully considered this paragraph eight with a view of ascertaining whether it can be held incapable of injurious effect, but are unable to bring ourselves to so conclude. We are forced to believe it such error as to call for a reversal of this case. We might observe that the killing of Moffett was so closely connected with that of Livingston as to be res gestae, and there was no need to limit in the charge the effect of evidence bearing on same.

The other errors complained of will not likely occur upon another trial.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*