JOHN JEFFERSON v. THE STATE.

No. 12739.   Delivered January 8, 1930.
Rehearing denied April 16, 1930.
Reported in 26 S. W. (2d) 1064.

The opinion states the case.

*R. L. Williford* of Fairfield, *W. J. Bryant* of Wortham, and *Lex Smith* of Teague, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, sixteen years in the penitentiary.

This is the second appeal of this case. See Jefferson v. State, 110 Texas Crim. Rep. 183.

On the night of August 26, 1926, two negroes were killed. One of them was shot with a shot gun, the other with a rifle. The killing occurred about midnight after the close of a box supper. The testimony for the State shows that about the time of the breaking up of said box supper appellant and his brother left the place and went toward their homes something like a mile distant and a short distance from each other. Witnesses who were at the home of appellant's brother testified that appellant came there, having a gun in his hand and looking for some shells. One of the witnesses said he saw appellant take two or three shells from a dresser drawer. The gun he had was a shot gun. About this time appellant's brother, Brysie, called him to come on, and according to the witness appellant "tore out" down to where his brother was. Witnesses saw the two men, accompanied by another named Busby, presently going

back toward the place where the box supper was had. They said Brysie had a gun and it looked as though appellant had one. A witness who was at the place where the box supper was had testified that she expected to go home with deceased in this case and told him that she was going down the road a little way. She walked along the road and a short distance from the place met appellant and his brother. In a few moments she heard two shots, and then other shots from a different sounding gun. The bodies of the two men were found some distance apart. Witnesses testified to seeing appellant and his brother going back toward their homes after the shooting and that each had a gun. The testimony is sufficient to support the jury's conclusion that appellant killed Livingston who was shot with a shot gun.

The court gave the jury the customary charge on principals. Various exceptions were reserved to this charge, but we do not think them of any merit. The fact that no one heard appellant use encouraging words to his brother, would seem of no weight under the facts of this case. The two men appeared, under the testimony, to have left the scene of the difficulty and gone to their homes and gotten guns and walked together back down to the scene of the shooting, one with a shot gun and the other with a rifle. Both were present when the shooting took place, and both went away together.

There is complaint of the charge of the court for failure to instruct the jury if they found appellant to be an accomplice only to the killing, they could not convict him of being a principal. We think such charge not called for. The killing occurred near a church, and a short distance from same toward the home of appellant was a bridge. Bertha Williams said on her way from the church to the bridge she met appellant and his brother, and that appellant was carrying a gun; that a short distance further up the road she met Brysie and that he was carrying a gun also. She had gone twelve or fourteen steps beyond the bridge when she heard the guns fire. This so pertinently supports the proposition of the personal presence and active participation of appellant as to entirely negative the proposition of his being only an accomplice. The complaints of the charge are lengthy and numerous, but when the charge is taken as a whole it seems to be an admirable presentation of the law applicable to the facts.

There are a number of bills of exception to things transpiring during the trial, each of which has been examined. By various bills complaint is made of the refusal of the court to permit witnesses Carter, Busby and Williford to testify to statements made to them

by Brysie Jefferson after the shooting and not so near thereto as to be a part of the res gestae, to the effect that Brysie Jefferson said to these witnesses that he did all the shooting. Brysie Jefferson and appellant were both indicted for this offense. Brysie had not been tried or acquitted, or his case dismissed. There was no error in the action of the court. Walsh v. State, 85 Texas Crim. Rep. 208.

Complaint is made in bill of exceptions 6 of a statement made by the brother of appellant when the two men came back up the road from the scene of the shooting, to the effect that the witness testifying to this statement had better go down and pick up his cousin, his cousin being Moffett, one of the two men who was killed, Moffett being killed by a rifle shot. We see no possible harm that could come to appellant from the admission of this testimony. We are of opinion that in the development of this case it was necessary for the State to show that Moffett was killed, and where his body was found relative to that of the deceased in this case, Livingston. The two men appear to have been killed by appellant and his brother acting together.

We see no error in action of the court overruling the motion for new trial on ground of newly discovered evidence. No diligence was shown in regard to the alleged newly discovered testimony, and the refusal of a new trial was within the discretion of the court below.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant bases his motion for rehearing on a number of contentions, all of which have been examined, but none of which in our opinion can be sustained, and only two of which will be discussed. First, it is urged that no evidence authorized the court to submit the issue of appellant acting as principal with Brysie Jefferson by aiding or encouraging him by "words or gestures"; second, that the evidence raised the issue of appellant being an accomplice in the murder, and that the court erred in not explaining who would be an accomplice, and in failing to tell the jury if appellant was an accomplice he could not be convicted under an indictment charging him as a principal only. Both of these contentions turn upon the evidence and we have been at some pains to try to analyze it as best we may. The court did make appellant's guilt in any event depend upon his *presence* at the scene of the killing, either by himself killing Livingston, or in being present and

acting with Brysie Jefferson in killing deceased. After properly defining principals the court twice in his charge told the jury if they had a reasonable doubt as to whether appellant was present and acted as a principal in killing Livingston they should acquit. Under the facts these instructions in our judgment sufficiently protected appellant without enlarging on the subject.

The killing occurred near a negro church. About one hundred fifty yards west of this church was a bridge. Livingston's body was found near the church evidently within a few feet of where he was standing when shot with a shot-gun; Moffett's body was one hundred fifteen yards from that of Livingston, and near the bridge mentioned. Moffett had been shot three times with a rifle. Empty rifle shells and wadding from the shot gun shells found near together would indicate that all the firing was done near the same point. Moffett's body being found some distance away is explained by evidence that he got on his horse which ran towards the bridge, Moffet falling off before the bridge was reached. The evidence seems to establish that Brysie Jefferson and appellant left the church together and went to their homes, where Brysie secured a rifle and appellant a shot gun, and both returned to the church. One witness who was near the bridge saw each of them with a gun pass that point going toward the church immediately before the shooting, and other witnesses saw them going toward home immediately after the shooting each of them still having a gun. One witness testified that after the shooting he met the two Jeffersons, some ten or fifteen steps from the bridge and between it and the church, they going from the church, each of them having a gun. One witness for appellant testified that he left a point near the church almost immediately before the killing and started toward the bridge, and after going some ten or fifteen steps he met Brysie Jefferson coming toward the church, but did "not see appellant anywhere." Another witness for appellant,—which witness had at one time been under indictment for this killing—testified that he saw Brysie Jefferson do all the shooting; that he shot twice with the shot gun, then picked up the rifle and shot three times with it; this witness said he did not see appellant; neither did he see Brysie until the shooting started. Under all the facts and circumstances in evidence it would not have been surprising had the jury entirely ignored the testimony of this witness; but giving his evidence full effect we think it only shows that he did not see appellant at the scene of the killing.

The case was recognized as one of circumstantial evidence against appellant and the jury was instructed upon that subject. It is not

our understanding of the law that the issue of whether appellant aided or encouraged Brysie Jefferson by words or gestures must be raised by direct evidence of some witness who claims to have seen him make some gesture, or heard him say some word, but that this issue the same as any other, may be raised by proof of circumstances. It would not be practicable to set out more in détail than has already been done the evidence which authorized the learned trial judge to submit this phase of principals. If the state's evidence be believed appellant was acting with his brother Brysie Jefferson, in procuring arms with which the killing was accomplished, and accompanied him to the spot carrying one of the guns,—presumably the shot gun—and left after the killing still carrying one of the guns. The jury could well have based their verdict upon a finding that appellant himself fired the fatal shot which killed Livington; or upon a finding that appellant was present when Brysie Jefferson killed deceased, having previously agreed thereto; or upon a finding that appellant was present and encouraged by words, or aided by acts, Brysie Jefferson in doing the killing, knowing his unlawful intent to do so.

The record is confusing as to the facts but our best judgment leads us to the conclusion that appellant's motion for rehearing should be overruled and it is so ordered.

*Overruled.*