### C. P. SLACK v. STATE.

No. 24031.  May 5, 1948.
Rehearing Denied June 23, 1948.

Hon. Wiley Cafey, Judge Presiding.

*Lessing & Reid,* of Abilene, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

The conviction is for the unlawful possession of intoxicating liquor for sale in a dry area, and upon a trial before a jury, the appellant was fined the sum of $1,000.00.

The testimony shows that upon a search of appellant's premises under a search warrant there were found 222 four-fifths quarts of whisky, 66 pints of whisky, and 21 quarts of gin.

It was agreed between the parties that Taylor County was a dry area. The court's charge properly presented the law to the jury and no exceptions thereto are found in the record.

Bills of Exception Nos. 1 and 2 are deemed to be without merit, such relating to the oath administered to the affiants in obtaining the search warrant. Such oath seems to be in regular and proper form.

Appellant offered but one witness, namely, C. B. Osburn, a painter, who seemed to have been appellant's employer. He testified that appellant had worked for him in 1923 and had worked for him most of the time since then, and that he was working for him on the date of the search; that he had a wife and child. Nothing was said relative to this whisky. On cross-examination, it was shown that appellant did not work for the witness Osborn in 1935 or 1936; that he did not live in Abilene during those years, but lived in Hamlin part of the time; that he did not know what appellant did at Hamlin. At this juncture the following question was propounded to the witness: "You don't know anything about him selling whisky, do you?" Upon objection by the appellant, the court sustained the objection and the question was not answered. The witness was then excused. However, this same bill then proceeds and offers a further objection to the argument of the County Attorney, Theo. Ash, wherein it is shown that in his argument to the jury relative to Mr. Osborn, he said:

"Talked a whole lot about Mr. Osborn, telling you about how long this man worked for him, didn't he? I said, 'Mr. Osborn, do you know anything about him selling whiskey?', and boy, you'd have thought somebody had put a tack under Mr. Reid, when he jumped up and started objecting to that."

Whereupon, the trial court instructed the jury not to consider such remarks. This bill is duplicitous and contains more than one subject of complaint. Again, we think no error is shown by such proceedings. The possession of whisky for the purpose of sale was the matter at issue herein, and appellant's only witness had testified in his examination in chief to nothing germane to the matter charged. It seems to have been but natural for the county attorney in the cross-examination to ask the witness if he knew anything about the matter at issue herein. Furthermore, it is noted that the witness made no answer thereto, and the court sustained the objection to such question. It is also noted that the careful trial court instructed the jury "not to consider that, about him selling whiskey." We therefore overrule this bill.

Bill No. 4 contains a complaint relative to the argument of the county attorney wherein he made certain remarks to the jury in his closing address thereto which were objectionable to appellant's attorney and the basis of such bill. This bill is deficient in that it fails to show that such remarks were not in answer to, nor provoked or invited by, previous remarks made by appellant's attorney. It is suggested by appellant that in

the objection to the argument complained of in said Bill No. 4, it is shown that same was not in answer to, nor provoked or invited by, the argument of appellant's attorney on account of the following phrase found as an objection in the bill, to-wit: "because there is nothing in the record to support such a statement for any purpose." Such statement being but an objection to the argument, is not a statement nor showing that the argument complained of was not provoked or invited upon the part of appellant's attorney in his argument. This should have been shown. See Alamo v. State, 200 S. W. (2d) 161; France v. State, 148 Tex. Cr. R. 341, 187 S. W. (2d) 80; Cavazos v. State, 148 Tex. Cr. R. 322, 186 S. W. (2d) 990.

No error appearing in the record, the judgment of the trial court is affirmed.

ON APPELLANT'S MOTION FOR REHEARING.

DAVIDSON, Judge.

Appellant insists that his Bill of Exception No. 3 was not duplicitous.

Whether the bill is subject to that objection is immaterial, for we did consider the bill, and especially as same relates to the argument of the county attorney.

What we held was that, in view of the issues arising in the case, the large quantity of intoxicating liquor found in appellant's possession, and the trial court's prompt withdrawal of the argument complained of from the consideration of the jury, reversible error was not reflected.

The motion for rehearing is overruled.

Opinion approved by the Court.