## MARY THOMAS V. STATE

No. 28,838. February 27, 1957.
Appellant's Motion for Rehearing Overruled
April 17, 1957.

*Duke & Melton,* Dallas, for appellant.

*Henry Wade,* District Attorney, *Frank Watts* and *George P. Blackburn,* Assistants District Attorney, Dallas, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

Appellant was convicted for unlawfully carrying on and about her person a pistol; the punishment, six months in jail.

While the appellant and her companion, Arthur Lee Thomas, were walking along a public street in the city of Dallas, they were stopped by two policemen, at which time a pistol was seen

in appellant's brassiere. The pistol was removed and found to contain six shells.

Appellant, while testifying in her own behalf, admitted carrying the pistol but stated that she had met Arthur Lee Thomas in a cafe, that he had the gun and was very drunk, that she took the pistol from him and was taking the pistol and Thomas to her home when they were arrested.

Arthur Lee Thomas testified that he received the pistol from a person who had borrowed it from a friend of his and that he was returning it to the owner when he met the appellant in the cafe, and that the appellant took the gun from him because he was drunk and suggested that they go to her house.

The court charged the jury that if the appellant came into possession of the pistol at the cafe and was without delay following the most practical and direct route to her home to find her not guilty.

The jury resolved the disputed issue of fact against the appellant, and we find the evidence sufficient to support their verdict.

Appellant insists that the trial court erred in failing to instruct the jury that even though they believed that she was intoxicated at the time the officers stopped her on the street that such fact was no evidence that she was unlawfully carrying a pistol.

The evidence of appellant's intoxication and the carrying of the pistol are so connected as to constitute res gestae. Evidence which is a part of the res gestae need not be limited. 24 Texas Jur. 584, Sec. 99; Martinez v. State, 157 Texas Cr. Rep. 603, 252 S.W. 2d 186.

Appellant complains of the following closing argument by the state's attorney: "All this case boils down to is that we have two drunk Negroes out here partying all night, carrying this pistol with them" over her objection that it was manifestly improper.

Officer Mayes testified that the appellant told him "that they (appellant and Arthur Lee Thomas) had been partying most of the night" and that she had the pistol "because that boy was too drunk to be carrying it."

The testimony of Officer Mayes furnished a sufficient basis for the argument complained of; hence no error is shown.

Finding no reversible error, the judgment is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING

WOODLEY, Judge.

Appellant directs attention to the trial court's certification of error in his Bill of Exception No. 3.

This bill complains of the remark of Assistant District Attorney White, in his closing argument, "All this case boils down to is that we have two drunk Negroes out here partying all night, carrying this pistol with them."

The trial court certifies in the bill that such argument "was highly prejudicial and inflammatory to the rights of this defendant and was made for the purpose of biasing and prejudicing this jury against this defendant" and the bill shows that objection was timely made and motion made to instruct the jury to disregard the remarks, both of which were overruled.

As stated in our original opinion, the evidence shows that appellant and her companion were drunk; that appellant told the officer they had been partying most of the night, and appellant was carrying the pistol which she said she had taken from her companion because he was drunk.

That the remarks complained of were based upon the evidence and were therefore authorized is apparent from the record. The argument being warranted by the evidence, the fact that the remarks were prejudicial or the purpose of the prosecuting attorney in making them is not ground for reversal. The trial court's conclusion to the contrary would not be binding upon this court. Watkins v. State, 239 S.W. 2d 107, and cases cited.

The testimony of Officer Mays, which appellant complains was inadmissible, was offered and admitted without objection, hence no question is presented as to its admissibility.

Appellant was found in possession of a pistol and the jury rejected her defense that she was carrying it from the cafe

where she received it to her home by the most practical and direct route, without any unusual delay.

Appellant's motion for rehearing is overruled.