Theodore RANDOLPH & Theodore Randolph, Jr., Appellants,

v.

The STATE of Texas, Appellee.

No. 63079.

Court of Criminal Appeals of Texas, Panel No. 1.

Sept. 14, 1983.

Randy Martin and Carroll S. Weaver, Houston, for appellants.

James H. Keeshan, Dist. Atty. and Jerry Winfree, Asst. Dist. Atty., Conroe, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before TOM G. DAVIS and W.C. DAVIS, JJ.

## OPINION

W.C. DAVIS, Judge.

Appellants were convicted of murder. The court assessed punishment against each appellant at 10 years' confinement.

Appellant T.R. Randolph, Jr. (hereinafter called "Teddy") contends the evidence adduced at trial was insufficient to support the verdict for two reasons. First, he contends that the evidence did not show that he was "acting together" with T.R. Randolph (hereinafter called "Randolph") as alleged in the indictment. Second, he contends that there was insufficient proof that he was not acting in defense of another—Randolph—as both appellants testified.

The evidence, viewed in a light most favorable to the verdict, shows that appellants entered upon the property of the victim, Acey Dewey Butler, to complain about the behavior of the victim's children toward appellants' trot lines, one of which the children had previously removed from the water. The victim was not at home, but his companion, Deborah Wilburn, discussed the matter with Randolph for some thirty minutes, "jumped on the kids", and drove to the victim's place of work to inform him of the matter.

The victim left work immediately after Wilburn's visit, and was next seen arriving at appellants' trailer. According to the testimony of two neighbors, the victim alighted from his truck and was accosted near the road by Randolph, who was shouting curses at the victim.

Randolph then kicked the victim in the groin, and an altercation between the two ensued. Teddy then fired four or more shots at the victim from a .22 calibre rifle which had been leaning against appellants' trailer, killing him.

According to the neighbors' testimony, appellants then huddled over the body, then Randolph entered the trailer, returning with blood on him which had not been visible before he left the victim.

Teddy then crossed the street to another neighbor's house; that neighbor assisted him in calling the sheriff's office.

On the arrival of the sheriff, the victim's body was found near the trailer—not near the road where the witnesses stated the killing took place. In the victim's left hand was a knife,[1] which the witnesses stated they had not seen at the time of the events they described.

■ The jury was entitled to believe that appellants' defense-of-another theory was fabricated after the fact, and that, contrary to appellants' own testimony, the killing had taken place near the ditch, and the knife was placed in the victim's hand by appellants.

■ Further, it is of no moment that Teddy may have been acting on his own, and not together with Randolph, in escalating the confrontation from a mere brawl into a murder. The "acting together" language of the indictment is surplussage. *Jackson v. State,* 486 S.W.2d 764 (Tex.Cr. App.1972); *Martinez v. State,* 157 Tex.Cr.R. 603, 252 S.W.2d 186 (952).

Teddy's challenge to the sufficiency of the evidence is overruled.

Randolph's challenge is more problematic. There is no showing he had prior knowledge that Teddy would kill the victim. In the very similar case of *Baldridge v. State,* 543 S.W.2d 639 (Tex.Cr.App.1976), we held that to support the conviction of one who starts or participates in a fight with the victim, using only his bare hands, for the subsequent shooting of the victim by another as the altercation progressed, the very least that is required is encouragement of the commission of the offense by words or by agreement made prior to or contemporaneous with the act.

■ In the instant case, the evidence shows a *subsequent* agreement to fabricate a story involving defense of Randolph by Teddy, but there is no evidence of a prior agreement, whether direct or circumstantial.[2]

The State's reliance upon *Everett v. State,* 153 Tex.Cr.R. 79, 216 S.W.2d 281 (1948) is misplaced. In that case, the Everett brothers approached the victim and his companions with a weapon carried by Adan Everett, but belonging to Ernesto Everett and not known by Adan to be in Everett's car prior to the incident. Thus, there was strong circumstantial evidence tying Ernesto to the shooting by Adan. In the instant case, the State offered no proof of whether the rifle used by Teddy was usually kept handy while appellants worked outside the trailer or whether, if its position was unusual, Randolph was aware of its placement or of why it was so placed. We cannot permit the jury to speculate upon such matters; evidence must be offered thereon.

The judgment of conviction of Theodore Randolph, Jr. is affirmed.

The judgment of conviction of Theodore Randolph is reversed, with instructions to enter an acquittal.

---

1. The knife was described by a sheriff's deputy as very similar to one found in the trailer. The one found in the trailer was returned to Mrs. Randolph, but was introduced as a defense exhibit. The deputy identified the exhibit as the same knife he had found in the trailer. There was some controversy over the similarity, or lack thereof, of the two knives. The jury, of course, could make its own determination by inspecting the knives, but this Court is unable to say yea or nea, because neither the knives nor photographs of them appear in the record transmitted to this Court. In the instant case an inspection of the exhibits is unnecessary to our determination of the grounds of error presented, but we do not approve of the withholding of potentially material exhibits from our consideration.

2. Deborah Wilburn testified that appellants did not request that the victim come to their place to discuss the matter, and did not provide directions to their trailer. This oversight belies any suggestion that an ambush may have been planned in advance.