**Guadalupe Gaitan GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–84–575–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Sept. 19, 1985.

Rehearing Denied Oct. 24, 1985.

Walter Boyd, Houston, for appellant.

John B. Holmes, Dist. Atty., Calvin A. Hartmann, J. Harvey Hudson, Asst. Dist. Attys., Houston, for appellee.

Before JUNELL, ROBERTSON and CANNON, JJ.

## OPINION ON MOTION FOR REHEARING

ROBERTSON, Justice.

The opinion of this court rendered July 18, 1985 on original submission of this cause is withdrawn and the following is substituted.

The conviction is for attempted aggravated rape; the jury found appellant had previously been convicted of a felony and assessed punishment at confinement for twenty years. Issues before us concern sufficiency of the evidence, objections to the court's charge, evidentiary objections, and argument to the jury. We affirm.

While appellant concedes the evidence is sufficient to show attempted rape, he challenges the sufficiency of the evidence to prove that he "threatened serious bodily

injury or death" to the complainant, that being the indictment allegation to elevate the degree of the offense. A review of the evidence is necessary.

The complainant, a Mexican national with resident status, lived next door to her friend, Trinidad, the mother of an invalid bedridden child. Appellant lived with Trinidad and the child. Both appellant and Trinidad were employed. Trinidad had provided the complainant with a house key so that when both she and appellant were absent from their house, upon a telephone call from Trinidad, the complainant would go to Trinidad's house, admit herself and turn the invalid child over. The complainant could not speak or understand English either on the day of the offense or at the time of trial. Early in the morning of the day of the offense, the complainant received a call from appellant asking her to go next door and turn the child. She complied with his request, believing him to be at work. Upon unlocking the door and entering the house, she heard a noise, turned and observed a black man behind her wielding a kitchen knife which he "pointed" at her. Appellant then entered the room, and told complainant, in Spanish, that the black man, along with another one, was "robbing the house" and wanted her and appellant to remove their clothes and engage in sexual intercourse. Appellant removed all of his clothing but she refused to take hers off. The black man then "ripped" it with the knife in an attempt to disrobe her. She then removed her clothing and held it in front of her body and continued to resist appellant's attempt to forcibly have sexual intercourse with her. Finally, appellant told her she was free to leave. When her husband returned home that evening, she reported the occurrence to him; they called a personal Spanish-speaking friend in the sheriff's office, and after detailing the facts to him, the police authorities were properly notified.

█ As a basis for his first ground of error challenging the sufficiency of the evidence, appellant relies upon testimony developed on cross-examination which appears to contradict testimony on direct examination concerning threats of serious bodily injury or death. It is clear, however, that this is not the standard by which we test the sufficiency of the evidence. We must inquire "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Wilhoit v. State*, 638 S.W.2d 489 (Tex.Crim. App.1982). We note, of course, that the complainant could not speak or understand English and it was necessary to speak entirely through an interpreter. While we believe this handicap may well explain some of the apparent inconsistencies in the testimony, we further believe such inconsistencies are immaterial. The jury heard the testimony and determined that threats of serious bodily injury had been made upon the complainant. Her testimony on direct examination that the black man had the knife in his fist "like this" threatening her and that she was "afraid of being killed or being hurt" is sufficient evidence to support the jury verdict. The jury was in the better position to weigh the testimony and it was within their province "to accept one version of the facts and reject another." *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.1981). Appellant's first ground is overruled.

In his second ground, appellant asserts the charge incorrectly instructed the jury that *"any other person* could be the object of serious bodily injury or death threats." While appellant was attempting to force the complainant to have sexual intercourse with him, he told her that another black man was in the other bedroom with the invalid child and that the child would be hurt if she did not submit. Appellant posits that he might have been convicted of attempted aggravated rape based upon the threats directed at the child. We disagree.

The trial court instructed the jury in the abstract portion of the charge that:

A person commits the offense of aggravated rape if he commits rape and he compels submission to the rape by threat

of death or serious bodily injury to be imminently inflicted on anyone.

However, when applying the law to the facts, the charge properly restricted this general statement of the law to the allegations of the indictment. It stated:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 11th day of April, 1983, in Harris County, Texas, the defendant, Guadalupe Gaitan Garcia, either acting alone or together with others as a party to the offense, did then and there unlawfully with the intent to commit aggravated rape, attempt to have intercourse with Graciela Pena [the complainant], ... *by threatening the imminent infliction of serious bodily injury or death to Graciela Pena*, then you will find the defendant guilty of aggravated rape as charged in the indictment. (emphasis added).

Unless you so find the evidence beyond a reasonable doubt, or if you have a reasonable doubt thereof, you will acquit the defendant. . . .

Our court of criminal appeals has stated: It has long been the law in this State that the court properly states the general principles of law defining the offense charged and then makes a direct and pertinent application of the law to the case as made by the facts. *Martinez v. State*, 157 Tex. Cr.R. 603, 252 S.W.2d 186, 188 (1952).

*See also Rogers v. State*, 687 S.W.2d 337 (Tex.Crim.App.1985); *Toler v. State*, 546 S.W.2d 290 (Tex.Crim.App.1977). We view the charge in the instant case as given by the trial court to comport with the above principle. Appellant's second ground is overruled.

▆ Appellant's third ground of error contends the trial court "erred in overruling the appellant's objection to the prosecution closing argument in which he argued that various other persons including police officers believed the complainant's story." Because this ground is so worded, it is necessary to quote the argument made by the prosecutor, the objections by the defense, and the rulings of the court (the argument is quoted without indication of apparent errors in transcription or otherwise):

He had the opportunity. He took advantage of it. That's what happened, ladies and gentlemen. What the defendant wants to rely, what the defendant is relying on is, as his plan called for, that even if he is caught, the police are going to believe that there was a burglary and that he wasn't responsible for that happened or they are not even going to believe Mrs. Pena's story.

Again, we have no evidence except from Officer Adolph that he wasn't aware that a burglary was ever reported. Mrs. Pena said she was there all day. Obviously, she locked the doors and stayed inside. She never saw the police come over to the house. She never saw a police come knock over there, and Garcia didn't come over said anything about he burglar, it was horrible, let's call the police. Obviously, because that was part of his plan, was to fake a burglary and force herself on Mrs. Pena.

If it wasn't, he would have called the police over there and they would have been over there that morning instead of that night. Mrs. Pena obviously terrified, confused and not speaking English waits for her husband. For some reason Mr. Boyd wants to tell you waiting to tell your husband what happened to see what he is going to do and what he suggests doing and to call a police officer, who's a friend of the family, Jose Munoz, a sheriff's deputy, get his advised, somehow that's supposed to disprove her story.

I don't think that's an unreasonable thing for her to do, stay in the house because the defendant is next door. All she can do during that day lock the doors and stay inside and wait for her husband to come home and that's exactly what she did. The first opportunity she had to tell somebody, listen to her and understand her, she told her husband and they told Mr. Munoz and he knew what to do, call the police and let's go talk to the suspect.

The detectives didn't add anything except what they did they close the case took her statement, took this to the D.A.'s Office and filed charges. Mrs. Pena gets sexually assaulted almost or someone tries to rape her on April 11 of 1983. Then what happens? How many people does she have to convince before this man is going to be found guilty and probably punished for what he did to her?

She's got to tell her husband. Then, she's got to tell a friend of the family, Mr. Munoz. Then, she's got to tell a police officer, Officer Adolph, who comes over. Now, her husband, obviously, she knows; and she may or may not know Jose Munoz very well, but she's never seen Officer Adolph and all three of these people have to believe her story.

MR. BOYD: That's totally improper. I object to it. He is asking this jury to base their decision on what other people's opinion are about Mrs. Pena and I object to it.

THE COURT: Overruled.

MR. BOYD: I specially object the bolstering of an officer and putting this jury in the place of asking this jury to base this decision on some officer's opinion.

THE COURT: Overruled.

MR. JOHNSON: I'm not talking about officer's opinion. I'm telling you what Mrs. Pena has to go through to get the case so far. To get this far, she has to tell her husband, Munoz, the officer who that comes over, and then she's got to tell Mary Cuellar, the lady who calls her on the telephone, who's going to translate the statements, she's got to tell Detective Kitto and tell Detective Yarborough. And any step of the way if one of them doesn't believe her or one of them thinks—

MR. BOYD: Whether they believed her or not this is by indirection trying to get a whole array of people to come in here and he's asking the jury to base their decision on what an array of people about what they thought or might not have thought. I object to it.

THE COURT: Rephrase your statement, Mr. Johnson.

MR. JOHNSON: Thank you, your Honor.

MR. BOYD: I ask that the jury disregard that.

THE COURT: The jury will disregard the word believe.

After reviewing the complained-of argument within its context, it is clear that the prosecutor was attempting to demonstrate for the jury the complainant's credibility and determination in having to tell so many people of the incident before the case even came to trial. This was a reasonable deduction from the evidence and did not constitute improper argument. *Alejandro v. State*, 493 S.W.2d 230, 231 (Tex.Crim.App. 1973). While the prosecutor's argument that "all three of these people have to believe her story" was improper and the trial court erred in first overruling the objection, we refuse to close our consideration of the issue at that point as appellant would have us do. As shown above, the prosecutor immediately repeated the same argument and the trial court then instructed the jury to "disregard the word believe." An instruction to disregard an improper remark cures any error except where the remark is so inflammatory that its effect can not be removed by a timely admonition. *Dickson v. State*, 642 S.W.2d 185, 188 (Tex.App.—Houston [14th Dist.] 1982, pet. ref.). We hold that the improper remark in the instant case did not rise to the level of an inflammatory remark incapable of cure by the court's instruction. We note further that by failing to move for a mistrial, appellant received all the relief he requested and is in no position to complain. *Boyd v. State*, 643 S.W.2d 700 (Tex.Crim. App.1983). Appellant's third ground is overruled.

■ In his fourth ground, appellant complains of the trial court "overruling appellant's running objection to the prosecutor's questions eliciting evidence that Officer Adolph (and others) believed complainant's story." Appellant's trial objection was on the basis of hearsay and not that the testimony constituted bolstering. Appellant's

ground does not comport with his trial objection and is therefore not preserved for our review. *Cravens v. State*, 687 S.W.2d 748, 752 (Tex.Crim.App.1985). Appellant's fourth ground is overruled.

■ Appellant, in his fifth ground, asserts that the trial court erred in overruling his objection to the charge for its failure to apply the law of parties to the facts of the case. We have already set out the application paragraph in ground two.

The trial court charged the jury based upon the state's theory that appellant was the primary actor who attempted the rape. The charge fully set out the acts by which he accomplished the "attempt." The black man was only a party to the offense in that he supplied the "threat" element. Appellant's reliance on *Apodaca v. State*, 589 S.W.2d 696 (Tex.Crim.App.1979), as support for his contention that reversible error occurred is misplaced. As the court of criminal appeals stated again in *Jaycon v. State*, 651 S.W.2d 803, 808 (Tex.Crim.App. 1983), the error in failing to properly apply the law of parties to the facts occurs where *the person charged is not the primary actor*. In the instant case, appellant was the primary actor. Appellant's fifth ground of error is overruled.

■ In his sixth ground, appellant asserts the trial court erred by failing to require the jury to find that the attempt must consist of an act or acts "amounting to more than mere preparation." While appellant's argument under the ground is far from clear, we interpret the contention to be that when applying the law to the facts, the court should have, in addition to requiring the jury to believe beyond a reasonable doubt the acts alleged which constituted the attempt, gone further and required the jury to believe that such acts "amounted to more than mere preparation." We do not agree. The court properly defined "attempt" in accordance with TEX.PENAL CODE ANN. § 15.01(a) (Vernon Supp.1985). The court of criminal appeals has held that it is not necessary for the indictment to allege that the acts constituting the attempt "amounted to more than mere preparation." *Ex Parte Todd*,

669 S.W.2d 738, 739–40 (Tex.Crim.App. 1984). It therefore follows that if it is not necessary for the indictment to contain the allegation, it is not necessary for the court's charge to contain this requirement of the statute. Appellant's sixth ground is overruled.

■ In his seventh ground, appellant asserts the trial court erred in permitting a reputation witness to testify that appellant's reputation as a peaceful and law-abiding citizen was bad. He contends the witness was not qualified because "the basis for her conclusion was the prior conviction or at most prior convictions of appellant," citing *Wagner v. State*, 687 S.W.2d 303 (Tex.Crim.App.1984). We believe appellant's reliance on *Wagner* is misplaced. While reputation testimony should not be predicated solely upon knowledge of specific acts alone, *Wagner*, 687 S.W.2d at 313, where a witness has discussed and knows the reputation of an individual in the community, the fact the witness additionally knows of a specific act does not invalidate his testimony. The complained-of witness emphatically testified that she had discussed the appellant's reputation with her sister. Appellant's last ground is overruled.

The motion for rehearing is overruled, and the judgment is affirmed.