Opinion Issued April 9,
2009

 

 

 

 

                                                                        

 

 

 

 

 

 

 

 

 










 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-08-00667-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



BORIS EDILBERTO PEREZ, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 



On Appeal from County Criminal Court at Law No. 4

Harris County, Texas

Trial Court Cause No. 1506808

 








 



MEMORANDUM OPINION

            Boris Edilberto Perez was convicted
of possession of a hoax bomb under Texas Penal Code Section 46.08(a)(1).  See Tex. Penal Code Ann. § 46.08
(Vernon 2003).  A jury assessed punishment at 228 days’ confinement in
the Harris County Jail and a fine of $2,000.    Perez contends that the trial court erred in including, in an
abstract paragraph of the jury charge, additional language from section 46.08 (a)(2), describing conduct for which Perez
had not been charged.  We affirm.         

Background

          On February 6, 2008, Perez,
entered the Harris County Criminal Courthouse and proceeded to the security
station.  He placed several bags on an x-ray machine operated by Vanessa Davis.
 Davis became concerned by the number of bags and packages that Perez brought
for inspection.  While viewing the x-ray, she noticed several unusual items
inside appellant’s bags.  The bags contained metallic objects, batteries,
electronic devices, and tools, as well as a wire that connected to an empty can
outside the bag.  Davis feared that the bags contained either a bomb or the
components to make a bomb.  Davis called her supervisor, Yolanda Utley, to the
scene and notified her of the possible threat of explosives.  Utley examined
the images of the bags, became alarmed, and called for assistance from the
Harris County Constables. Utley turned the situation over to Officer C. Silguero, who examined the bags and believed that they contained
a bomb.  Officer Silguero promptly secured the area and called dispatch. 
Lieutenant W. Ruland, an expert in explosives, arrived and took control of the
scene.  He believed that the bags contained explosives and moved the bags
behind a flood door to prevent any harm from possible detonation.  Soon after,
Deputy Constable T. Valdez arrived with his canine partner, both of whom are trained
to detect explosives.  When Valdez first looked at the bags, he thought they
contained a bomb.  However, when the dog searched the bags, he did not alert to
the existence of explosives.  Officers arrested Perez and charged him with
possession of a hoax bomb.                                                  

Discussion

To determine whether the
jury charge contains reversible error, we first decide whether error exists.  Middleton v. State, 125 S.W.3d 450,
453 (Tex. Crim. App. 2003).  If the court finds that there was a
charging error, it must then determine whether a proper timely objection was
made at trial.  If a timely objection was made at trial, then the court should
reverse if the error is “calculated to injure the rights of defendant
[appellant].”  If a proper objection was not made at the time of the trial,
then the appellant must show that the error is fundamental, and the judgment
will only be reversed if the error was so egregious and created such harm that
the appellant “has not had a fair and impartial trial.”  Almanza
v. State, 686 S.W.2d 157, 171 (Tex.
Crim. App. 1985).  

Perez contends that the
trial court erred by including language from Texas Penal Code Section 46.08(a)(2)
in the abstract part of the jury charge  when the information in his
case charged him only with violating section 46.08(a)(1).  Tex. Penal Code Ann. § 46.08
(Vernon 2003).  Section 46.08 states:

(a) A person commits an offense if the
person knowingly manufactures, sells, purchases, transports, or possesses a
hoax bomb with intent to use the hoax bomb to:

(1) make another believe that the hoax
bomb is an explosive or incendiary device;  or

(2) cause alarm or reaction of any type
by an official of a public safety agency or volunteer agency organized to deal
with emergencies.

 

Id.     

          In this case, the
information charging Perez stated that he did “knowingly possess a hoax bomb
with intent to use the hoax bomb to make another believe that the hoax bomb was
an explosive or incendiary device.”  The application paragraph of the jury
charge instructed the jury that Perez should be found guilty if the jury
believed that Perez knowingly possessed a hoax bomb with the intent to use the
hoax bomb to make another believe that the hoax bomb was an explosive or incendiary
device.  The jury charge also contained, in the abstract paragraph, a general
description of the offense that included the following:

A person commits the offense of possession of a hoax
bomb if the person knowingly possesses a hoax bomb with intent to use the hoax
bomb to make another believe that the hoax bomb is an explosive or incendiary
device or cause alarm or reaction of any type by an official of a public safety
agency or volunteer agency organized to deal with emergencies. 

 

The fifth paragraph of the
instructions included a definition of the term “hoax bomb” that described it as
“a device that reasonably appears to be an explosive or incendiary device, or
by its design causes alarm or reaction of any type by an official of a public
safety agency or a volunteer agency organized to deal with emergencies.”  

          Perez contends that the language in
the jury charge erroneously expanded the offense stated in the information. 
The information charged Perez with knowingly possessing a hoax bomb with the
intent to make others believe it was an explosive or incendiary device.  Perez asserts
that the jury charge expanded the description of the offense by including the
intent “to cause alarm or a reaction from public safety officials” in the
abstract paragraphs.  As a result, Perez contends that the charge erroneously allowed
the prosecutors to argue, and the jury to convict him, under a theory that was
not charged in the information.

          A trial court’s charge must fully
instruct the jury on the law applicable to the case and apply that law to the
facts adduced at trial.  Gary v. State,
152 S.W.3d 125, 127 (Tex. Crim. App. 2004).  This direct application is
accomplished through the application paragraph of the jury charge.  The application
paragraph of a jury charge is the part that authorizes conviction.  McFarland v. State, 928 S.W.2d 482, 515 (Tex. Crim. App. 1996),  overruled on other
grounds by Mosley v. State, 983 S.W.2d 249 (Tex. Crim. App. 1998). 
An abstract charge on a theory of law which is not applied to the facts is not
sufficient to bring that theory before the jury. Campbell v. State, 910
S.W.2d 475, 477 (Tex. Crim. App. 1995).  Therefore, in the abstract
paragraphs, a trial court can include a more general description of the
offense. Toler v. State 546
S.W.2d  290, 293–94 (Tex. Crim. App. 1977) (citing Martinez v. State 252
S.W.2d 186 (1952)).   In Toler, the court found no error
when the jury charge defined the offense charged in the abstract paragraphs and
then made a direct application of the pertinent law to the facts in the
particular case in the application paragraph.  Id.  Here, the abstract paragraphs of the jury charge set forth the
general law including a broad description of the offense and a definition of
the term “hoax bomb”. But the application paragraph correctly instructed the
jury to find Perez guilty only if they believed that he had “knowingly
posses[ed] a hoax bomb with intent to use the hoax bomb to make another believe
that the hoax bomb was an explosive or incendiary device.”  These were the exact words that were used in the
information.  Consequently, this paragraph was strictly bound to the same
theory that the appellant was charged with in the information. 

          We hold that there was no error
in the jury charge because the theory under which the jury was instructed to
find the appellant guilty was exactly the same as charged in the information. 
Even though the abstract paragraph included broader language in describing the
offense and defining the term “hoax bomb,” the application paragraph
specifically restricted the jury’s considerations and instructed them to find
appellant guilty only on the grounds alleged in the information.        

Furthermore, defense
counsel did not object to the jury charge at trial and therefore did not
properly preserve error.  We therefore evaluate Perez’s claim under Almanza’s
egregious harm standard.  In examining the record to determine whether the
charge error is fundamental, we consider the entirety of the charge, the evidence,
the arguments of counsel, and any other relevant information revealed in the
record of the trial.  Almanza, 686 S.W.2d at 171.  Even if we had found
the jury charge to be an error, reversal would be unwarranted.  Almanza sets
out the factors to be considered in determining whether a charge error is
egregious: the entirety of the charge, the evidence, and the arguments of
counsel.  Id.  Based on these factors, we find that defendant failed to
prove that he suffered a fundamental error.

          First, we examine the
charge in its entirety.  When the application paragraph correctly instructs the
jury, a superfluous abstract definition is not harmful.  Medina v. State, 7 S.W.3d 633, 640 (Tex. Crim. App.
1999) (citing Plata v. State, 926 S.W.2d 300, 302–03 (Tex. Crim. App. 1996));
Grady v. State, 614 S.W.2d  830, 831 (Tex. Crim App. 1981) (citing Toler,
546 S.W.2d at 293–94).  Because the application paragraph correctly
instructed the jury to limit its consideration to the allegations presented in
the information, the trial court did not commit fundamental error by including
in the other paragraphs a general description of the offense and a definition
of the term “hoax bomb.” 

          Second, we consider the
evidentiary record.  Almanza, 686 S.W2d at 171.  The evidence from the record
is sufficient for a rational juror to find appellant guilty of possession of a
hoax bomb.  Perez testified that he was knowledgeable about technology.  A person who is knowledgeable in technology
would know that people who saw items like the ones Perez had in his bags,
arranged in the way that they were arranged, would likely believe that they
were either an explosive device or the components of an explosive device. 
Furthermore, the evidence shows that Perez brought the bags into the court house,
that he knew what their contents were, and that because he had been to the
courthouse before, he knew that he would have to put them through the x-ray
scanners for inspection.  Moreover, several witnesses testified as to their
belief that appellant’s bags contained a bomb or the components of a bomb.  After reviewing the record, we conclude that
sufficient evidence exists to support a jury finding that Perez was guilty of
knowingly possessing a hoax bomb with intent to use the hoax bomb to make another
believe that the hoax bomb was an explosive or incendiary device. 

          Finally, we consider the
arguments of counsel.  Almanza, 686 S.W.2d at 171.  As part of his
argument that he was egregiously harmed, Perez contends that the prosecution
spent a large amount of time arguing the intent of “causing alarm” and
therefore, established an alternative means for conviction.  The State responds
that it did not focus its argument on the reaction or alarm, but rather that it
elicited witnesses’ testimony regarding their alarm only to show that
appellant’s intent to make others believe that his bags contained a bomb was
realized.  We agree.  

          Even though the State
mentioned the alternative theory,[2]
it did not focus its case on this element.  The prosecution referred to the
alarm element only to show that appellant’s bag fit the definition of a hoax
bomb and that the people who encountered appellant’s bags believed that they
were dealing with a bomb.  For example, in its opening statement, the State
told the jury that “. . .[Davis] saw what she thought to be bomb
components.  At this time, she is scared.”  Furthermore, the State referred to
the people handling appellant’s bags and said:  “They are all scared. They see
a bomb.”  These statements use the witnesses’ alarm to prove their belief that
they were threatened by a bomb. 

          Finally, the State did not
focus its closing argument on proving the alternative intent of causing alarm
of a public safety agency or official. While the State briefly mentioned that
intent, they did so only to show that Perez’s bags satisfied the definition of
the term “hoax bomb.”  As a whole, the State’s closing argument focused on
Perez’s intent to make people believe that his bags were an explosive and how
the reaction of the people who encountered the bags proved that his intent was
realized. Therefore, this last Almanza element also weighs for the State.


Conclusion

We hold that the
expansion of the jury charge did not constitute fundamental error.  We
therefore affirm the judgment of the trial court.  

 

                                                          Jane Bland

                                                          Justice

 

Panel consists of Justices Taft,
Bland, and Sharp.

Do not publish.  Tex. R. App. P. 47.4

 

 

 

 

 









[2] For example, the State said:  “We know that it’s not a
real bomb, but a hoax bomb. It causes an alarm for a public safety agency. It’s
a hoax bomb. I think after you see all the evidence and after hearing
everything that’s gonna be said, you’ll find the defendant guilty beyond a
reasonable doubt of possessing a hoax bomb.”