<hr />

THE STATE, Plaintiff in Error, v. BRIDGES, PARIS & SMITH, Defendants in Error.

1. An indictment under section 27 of article 8 of the act concerning crimes and punishments (R. C. 1845, p. 404,) may be good, although the sum bet on the result of the election may not be stated therein.
2. An indictment under said section charged in the same count A. and B. with betting on the result of an election, and C. with becoming stakeholder of said bet; *held*, that the indictment was defective, said offences being dis- tinct and separate offences.

*Error to Lawrence Circuit Court.*

*Ewing,* (attorney general,) for the State.

I. The amount of money bet is immaterial, and was not tra- versable. The indictment follows the language of the statute. (R. C. 1845, p. 404.)

II. Several offenders may, for different offences of the same kind, be in some cases included in the same indictment, the word *severally* being inserted, which makes it several as to each; but they must admit of the same plea and sentence. (Chitty C. L. 270.) The word severally is not inserted in this indictment, but the offences are severally stated and admit of the same plea and sentence.

RYLAND, Judge, delivered the opinion of the court.

The defendants were indicted by the grand jury of Lawrence county, at the October term of the Circuit Court, in the year A. D. 1854,—Bridges and Paris for betting on the result of an election, and Smith for holding the stakes or money bet. The defendants appeared to the indictment, and moved to quash it;

the court sustained the motion. The State, by her circuit attorney, excepted, and brings the case here by writ of error. The indictment is as follows : " The grand jurors for the State of Missouri, impannelled, &c., for the body of the county of Lawrence, upon their oath present that Guilford Bridges and Eli G. Paris, late of said county, heretofore, to-wit, on the third day of August, A. D. 1854, with force and arms, at the county of Lawrence, and state of Missouri, did then and there unlawfully bet and wager a sum of money on the result·of an election, which was held on the first Monday in August, A. D. 1854, in the county of Lawrence, and state of Missouri, between one John C. Price and Robert B. Taylor, who were then running as candidates to represent the county of Lawrence, in the state of Missouri, in the legislature of the state of Missouri ; said election being then and there authorized by the constitution of the state of Missouri, and by the laws of the state of Missouri.

" And the jurors aforesaid, upon their oath aforesaid, do further present, that one Abram T. Smith, late of the county aforesaid, on the day and year first aforesaid, with force and arms, at the county and state aforesaid, did then and there unlawfully and knowingly become stakeholder of said bet and wager by then and there receiving said money from the said Guilford Bridges and Eli G. Paris, and holding the same until the result of said election could be ascertained, contrary," &c.

This indictment is founded on the 27th section of article 8 of the act concerning crimes and punishments. (R. C. 1845, p. 404.) " Every person who shall bet or wager any money or property or other valuable thing on the result of any election authorized by the constitution or laws of the United States or of this state, or on any vote to be given at such election, or who shall knowingly become stakeholder of any such bet or wager, shall be punished by fine not exceeding fifty dollars." The court below having quashed the indictment, it becomes necessary to examine and determine whether the same be sufficient or not.

The indictment does not allege that Bridges and Paris bet with each other in express terms on the result of the election; but such is obviously the fair intent and meaning of the charge, and it must be understood that they bet with each other. It does not mention the amount or sum of money or other thing bet; we think this omission does not vitiate it. No doubt it is the safest and best course to pursue, in drawing indictments under this statute, to state the amount or sum bet; but the amount is not material. There is no necessity to state a venue to the election on the result of which the bet was made; so that the repugnancy or uncertainty arising from the statement of two dates or times before and then referring to one of them by using the words " then and there," in this indictment, does not vitiate it. It is sufficient to aver that the election was authorized by the constitution and laws of the state of Missouri, without saying " then and there." There is no necessity to put a venue to the authority by which the election was held. So there is nothing of weight in this objection. Then why did the court below quash the indictment? We suppose because there is but one count in it, and there are two distinct and separate offences charged in this count against three different persons. One offence is, the betting by two of these persons, which is complete before the other offence can arise. The other offence is the holding of the stakes or sum bet, and is totally different from the betting. There is no connection between these two offences; they are independent of each other; and, although divers persons may be indicted for an offence jointly committed by them in one count of the same indictment, yet we think it is not allowable to indict divers persons for separate, distinct and different offences in the same count of the indictment; therefore as the Circuit Court quashed this indictment, we will not reverse its judgment. The judgment is affirmed; the other judges concurring.