# Smith *v.* The State.

### *Indictment for Negligent Escape.*

1. *Negligent escape, by hirer of county convict; form of indictment.* An indictment for a negligent escape may be maintained against the hirer of a county convict; and the indictment is sufficient, if it pursues substantially the form prescribed for a negligent escape by an officer. Code, p. 996, Form No. 44.

2. *Bond of hirer of county convicts ; admissibility as evidence, and conclusiveness of recitals ; error without injury in charge to jury.*—The bond executed by the hirer of a county convict, reciting therein the terms of the contract of hiring, the name and sentence of the convict, &c. (Code, § 4470), is admissible as evidence against him, when indicted for a negligent escape, to prove the fact of hiring as therein recited, although a record of those facts is required to be kept; and although he may not be concluded by such recitals, he is not injured by a charge asserting that he is thereby estopped, when it appears that he adduced no evidence assailing their correctness, and when, on the uncontroverted

[Smith v. The State.]

facts, the court might have given, on request, a general charge against him.

FROM the Circuit Court of Pike.

Tried before the Hon. JNO. P. HUBBARD.

There was no demurrer to the indictment in this case, and the cause was tried on issue joined on the plea of not guilty. On the trial, as the bill of exceptions states, " the venue was properly proved, and that the act was done within twelve months before the indictment was found ;" and the State then offered in evidence the bond executed by the defendant, as the hirer of William T. Owens, the county convict with whose negligent escape he was charged. This bond, which was dated the 13th November, 1883, and approved by the probate judge, recited the conviction and sentence of said Owens, and that he had, " under the order and direction of the court of County Commissioners, been hired to T. L. McCullough, and with his consent to Samuel F. Smith, for the said term ;" and then set out the terms of the contract of hiring. The defendant objected to the admission of this bond as evidence, but on what grounds is not stated, and reserved an exception to the overruling of his objection. The State also read in evidence, " in connection with said bond," the following orders of the Commissioners Court, as shown by its records : " It is ordered by the court, that W. J. Hilliard and W. C. Murfee be, and they are hereby, appointed a committee to hire the convicts of the county, with discretionary powers as to bids ; and it is further ordered, that sealed bids may be received by them up to 17th December, 1881, and that notice thereof be given four times in each of the county papers." Said W. J. Hilliard, who was the probate judge, and by whom the execution and approval of the defendant's bond was proved, testified, on cross-examination, " that said court had made a contract with T. L. McCullough for the hiring of all the county convicts for the time covered by the term " of said Owens. The judgment of the conviction and sentence of said Owens was read in evidence ; "and the evidence showed that his sentence had not expired, and that defendant took control of him under said contract. The State introduced, also, evidence tending to show that, after said Owens was turned over to defendant under said contract, he was seen, at different times, going about the town of Troy, not chained or manacled in any way, not at any kind of labor, and not attended by any guard. This being all the evidence, the court charged the jury, that ' if said Owens was turned over to defendant under said contract, and he executed it, and he permitted said Owens to go at large, and did not keep him safely confined, or attended by a sufficient guard, he was guilty under

[Smith v. The State.]

the indictment;' and further, ' that the defendant, in signing said bond, or instrument of writing, if he did execute it, became the hirer of said Owens, and he was estopped in this case from denying that he was the hirer of said Owens as a county convict.' " To each of these charges the defendant duly excepted.

WATTS & SONS, and JNO. D. GARDNER, for the appellant, made these points: 1. The indictment is defective, in not describing the defendant as an officer, or stating the facts which showed, as a legal conclusion, that he had the " legal custody " of Owens. 2. The bond was not the highest and best evidence of the fact that Owens was a county convict, or the fact that the defendant had hired him, since the law requires a record of these facts to be kept.—Sess. Acts 1882–3, p. 139, § 18. 3. The bond itself shows that the defendant was only a sub-hirer under McCullough, who had hired all of the county convicts; and the facts proved did not justify a conviction. 4. A conviction could not be had under the statute of 1882–3, since the indictment was not founded on that statute.—*Skains v. The State*, 21 Ala. 218; *Harris v. The State*, 50 Ala. 127; *Hirschfelder v. The State*, 18 Ala. 112.

T. N. McClellan, Attorney-General, for the State.

SOMERVILLE, J.—The indictment charges that the defendant, " having the legal custody of one William T. Owens, who was convicted of embezzlement, and duly sentenced to hard labor for Pike county, negligently suffered the said Owens to escape." It substantially pursues the language of section 4126 of the Code (1876), which applies to any officer or *person* having the legal custody of a convict, and strictly follows the form of indictment prescribed for such cases by the statute, as found on page 996 of the Code, and numbered 44.

The statute requires that the court of County Commissioners shall determine whether convicts shall be employed in laboring on the public works of the county, or shall be let to hire to some other person or corporation ; and this decision is required to be entered on the records of the court.—Code, 1876, § 4469. And if the court determine to let the convicts, or any of them, to hire, they are empowered to " do so by themselves, or by some member of their body, or other person to be appointed by them."—Code, § 4469.

The records of the Commissioners Court, which were introduced in evidence upon the trial of this cause, show with sufficient certainty a substantial, if not strict compliance with this

requirement of the law, and specify the names of the agents selected to carry out the order of the court by taking bids for the hiring. This we conceive to be the only jurisdictional requirement. We can perceive no reason why the bond, signed by the defendant and his sureties, should not be admitted in evidence against him, to establish all of the facts recited in it. This bond is one which the statute required to be taken, payable to the county, and to be signed by the hirer, with two good and sufficient sureties.—Code, § 4470. It is, therefore, an admission, of the facts recited in it, of a most solemn character.

It is said that there is better evidence of these facts than this written admission under seal made by the defendant, because the act approved February 22d, 1883, regulating the hiring and treatment of convicts, provides for the keeping of a record of these facts. Section 18 of this act makes it the duty of the Probate Judge to keep a well-bound book, in which he shall " enter the name of each convict sentenced to hard labor for the county, the date of hire, the name of the hirer, the place where the convict is to labor, the length of the sentence, and the sum for which said convict was hired."—Acts 1882–3, p. 139, § 18. It is manifest that the act of hiring does not derive any legal validity from the entering of this memorandum upon the record, nor would such hiring be vitiated by its entire omission from the record. The entry is intended as a mere memorial of antecedent facts, being open to inspection by the public for their convenient information. It is no part of the facts to be proved, but collateral and subsequent to them. Where this is the case, the facts may be proved by any other legal medium of proof besides the record.—1 Greenl. Ev. § 86. The statute, in like manner, requires all marriage licenses to be recorded in a book kept in the Probate Court, with a certified statement of the names of the parties, and of the time and place of the celebration of the marriage ceremony ; yet it has never been supposed that the fact of marriage, with its incidents, can not be established by oral or other legal evidence than the record, or a certified copy of it.—Code, 1876, § 2680 ; *Langtry v. State*, 30 Ala. 536 ; 2 Brick. Dig. p. 70, § 24 ; 1 Greenl. Ev. 107.

There was no error in admitting in evidence the bond executed by the defendant, which was at least *prima facie* evidence of the facts stated in it. The charge of the court, that the defendant was estopped from denying these recitals, if erroneous, was without prejudice to the defendant, inasmuch as he introduced no evidence seeking to controvert them, or assail their truth ; and the uncontroverted facts of the case would have justified the court in charging the jury to find the

[Bube v. The State.]

defendant guilty, if they believed the evidence, if this charge had been requested by the State.

The facts in evidence showed a clear case of escape, and we can discover no error in the charges or other rulings of the court.

The judgment must be affirmed.