LAWYER SAMPSON AND MARION SAMPSON v. THE STATE.

No. 5080. Decided June 19, 1918.

**Theft of Indian Corn—Joint Offense—Information—Pleading—Intent.**

Where the information charged joint offenses by the two defendants of the growing, standing and ungathered Indian corn of the alleged owner, there was no objection in the pleader charging them all conjunctively, and where the evidence showed that the property was standing and ungathered Indian corn, the contention that it was growing corn was not well taken, but the contention that, to sustain the conviction, the proof must show that defendants were joint offenders is correct, and where the evidence showed to the contrary, or at least was conflicting, a requested charge on this phase of the case should have been given. Besides, the evidence was insufficient to show a fraudulent intent.

Appeal from the County Court of Fayette. Tried below before the Hon. George Willrich.

Appeal from a conviction of theft of Indian corn; penalty, a fine of ten dollars and twenty-four hours confinement in the county jail.

The opinion states the case.

*John T. Duncan,* for appellants.—Cited Robison v. State, 60 Texas Crim. Rep., 592; Kahanek v. State, lately reported, 201 S. W. Rep., 994.

*E. B. Hendricks,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Omitting formal parts, the complaint and information charge that Lawyer Sampson and Marion Sampson, etc., "did then and there unlawfully and fraudulently take from the possession of W. A. Fuchs certain growing, standing and ungathered Indian corn, towit: six pounds of Indian corn of the value of 25 cents, the same being the corporeal personal property of the said W. A. Fuchs, and the same being then and there growing, standing and remaining ungathered in the field and ground of the said W. A. Fuchs, without the consent," etc.

The information charges joint offenses by the two defendants of the theft of the growing, standing and ungathered Indian corn of the alleged owner. It is contended that this statute applies only to growing corn, which means immature and undeveloped corn in a growing condition. The statute goes further and punishes the taking of any growing, standing or ungathered corn. The facts show without question that the corn was not what might be termed growing corn. It was matured corn, but still standing and the ears upon the stalks. Where a statute provides that an offense may be committed in divers ways, the pleader may charge them all conjunctively and prove what he can, or he may select any particular phase of the statute and charge that phase. This was not growing but was standing and ungathered matured Indian corn. There was no error in this contention.

Appellants further contend that this is a joint prosecution and necessarily that the parties were acting in concert with each other as accomplices or principals, and in order to sustain this conviction it must be shown that they were joint offenders acting with a common purpose and in concert under that common purpose. We are of opinion that this proposition is correct, and in order to sustain this conviction the evidence must show that they were acting together from a common purpose in taking the corn.

Appellants further contend that where it is a joint offense, or jointly charged, that the State would not meet the allegations by showing it was separate acts by the alleged joint actors; that under such circumstances the indictment or pleading could not combine the two as jointly acting together. We are of opinion this proposition is sound, and that the court should have given the special charges requested by appellants instructing the jury that if one took corn by a separate act and the other took corn by his separate act with no concert of action between them, and each act was a different and separate act of the individual, they should be acquitted. In support of this see Lewellyn v. State, 18 Texas, 538; Bennett v. State, 26 Texas Crim. App., 677; Townsend v. State, 137 Ala., 91; McGhee v. State, 58 Ala., 360; Lindsey v. State,

48 Ala., 169; Elliott v. State, 26 Ala., 78; State v. Bridges, 24 Mo., 353; Hall's case, 97 N. C., 474; Cox v. State, 76 Ala., 69; Jackson v. State, 87 Ga., 435; 10 Ency. of P. & P., p. 555; Commonwealth v. McChord, 2 Dana (Ky.), 242; Griffin v. Mills, 36 N. J. L., 587; 22 Cyc., 374-375. · We deem it unnecessary to go into a discussion of this matter. This was alleged to be a joint offense when the question was sharply presented that it was a distinct offense by each one, if an offense at all, and without collusion or joint action. This matter should have been submitted to the jury as requested by counsel in the special charges. Exceptions were timely and properly taken in the trial court both to the charge and refusal to give the special instructions.

The evidence for the defendants is to the effect that in taking the corn each one testified he had no idea of defrauding the owner of it; that they had been picking cotton for him and he owed them $10, and that they took this corn for a specified purpose and with no intent to steal it or to defraud the owner; that they thought under the circumstances it would make no difference to him; that they simply purposed to use it in catching horses which were outside in a lane. This in a general way was submitted by the court, and special instructions requested separately submitting this issue. If they took the corn under the circumstances indicated they would not be guilty of a fraudulent intent and conversion. This charge should be specifically given upon another trial.

For the errors indicated the judgment will be reversed and the cause remanded.

*Reversed and remanded.*