**Byron L. McCLELLAN, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40192.**

Court of Criminal Appeals of Texas.

April 5, 1967.

Coleman & Whitten, by Earl L. Coleman, Denton, C. O. McMillan, Stephenville, for appellant.

John Lawhon, County Atty., Denton, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

Tried upon an indictment alleging the offense of maiming, appellant pleaded not guilty before a jury. He was found guilty and elected to have the same jury assess his punishment. The jury assessed his punishment at seven years confinement in the Texas Department of Corrections and recommended probation.

The court suspended the imposition of sentence and placed appellant on probation.

The judgment on the jury's verdict was entered nunc pro tunc.

Notice of appeal was filed with the clerk of the trial court within 10 days after motion for new trial was overruled, as required by Art. 44.08(b), Vernon's Ann. C.C.P.

The problem which faces the Court in disposing of this appeal arises by reason of the innovation wrought by the 1965 Code of Criminal Procedure whereby the jurisdiction of the trial court does not end with

the notice of appeal and perfection of the record, and the jurisdiction of the Court of Criminal Appeals does not vest until the record on appeal is filed in said court.

Section 9 of Art. 40.09 C.C.P. provides that after the record is approved the defendant shall file with the clerk of the trial court his appellate brief setting forth each ground of error of which he desires to complain on appeal.

Section 10 provides for the filing of the state's brief.

Section 11 provides that the trial court may require oral arguments on the brief.

Section 12 makes it the duty of the trial judge "to decide from the briefs and oral arguments, if any, whether defendant should be permitted to withdraw his notice of appeal and be granted a new trial by the trial court."

Section 13 provides that upon refusal of the trial court to grant defendant a new trial, the record and briefs shall be promptly transmitted to the Court of Criminal Appeals "in which court all grounds of error and arguments in support thereof urged in defendant's brief in the trial court shall be reviewed, as well as any unassigned error which in the opinion of the Court of Criminal Appeals should be reviewed in the interest of justice."

In his brief filed in the trial court appellant presented as his first ground of error the overruling of his motion to quash the indictment upon the ground that it was returned by a grand jury which required his attendance and appearance to give evidence before such grand jury in violation of the provisions of the Constitution of the United States and of the Constitution of Texas that "the defendant shall not be compelled to give evidence against himself."

Other grounds of error presented by the defendant's brief filed in the trial court relate to a deletion and amendment of the indictment; the admission of evidence and the sufficiency of the evidence to sustain the conviction.

In the performance of the duties imposed upon him by Section 12 of Art. 40.09 C.C.P. the trial judge, having reviewed the record and the briefs on file, concluded that under rulings of the Supreme Court of the United States in several cases recently decided concerning deprivation of constitutional rights of persons accused of crime, it was fundamental error to require the appellant herein to appear before the grand jury which found the indictment against him, and that his trial and subsequent conviction on the defective indictment found by the grand jury "was reversible error" and he advised that if appellant desired to withdraw his notice of appeal and reassert his motion for new trial, as authorized by Art. 40.09(12) C.C.P. he would have no alternative but to grant it.

The order of the court directing that the clerk promptly transmit the record and briefs to this Court recites that appellant had been so advised and had failed, refused and declined to withdraw his notice of appeal.

For this Court to review any ground of error urged in the defendant's brief filed in the trial court other than such as in the opinion of this Court should be reviewed as unassigned error would be to ignore the salutary provisions of the 1965 Code whereby the trial judge is allowed full opportunity to examine the completed record, hear arguments and study briefs and grant a new trial to the same extent as would this Court should he decide that the defendant should not be permitted to withdraw his notice of appeal.

■ We hold that in declining the trial judge's decision permitting him to withdraw his appeal and be granted a new trial, appellant waived all grounds of error save those which may be considered by this Court as unassigned errors.

■ Deprivation of constitutional right such as set forth in defendant's brief as

his first ground of error is, in the opinion of this Court, an error which should be reviewed in the interest of justice, though unassigned.

To affirm this conviction we would be required to find, contrary to the trial court's ruling, that appellant was not deprived of a constitutional right and it was not fundamental error to require him to appear before the grand jury that found the indictment against him and that his trial and conviction upon said indictment was not "reversible error."

To so find, this Court would in effect be reviewing a finding of the trial court that was favorable to the defendant.

We conclude, without passing upon the trial court's ruling, that the proper disposition of this appeal is to reverse the conviction and remand the cause to be disposed of as it would have been had appellant withdrawn his notice of appeal and been granted a new trial.

It is so ordered.