**Abdelrahman ALBARQAWI**

v.

**STATE of Texas.**

**No. 11-81-035-CR.**

Court of Appeals of Texas, Eastland.

Dec. 3, 1981.

Discretionary Review Refused March 10, 1982.

Tom R. Bevill, Breckenridge, for appellant.

Emory Walton, Dist. Atty., Eastland, for appellee.

DICKENSON, Justice.

The controlling question is whether an indictment should have been quashed because Appellant, who was in custody and had declined to appear before the grand jury on advice of counsel, was subpoenaed

before the grand jury, interrogated without his lawyer's knowledge, and then indicted. We hold the indictment is not void. None of Appellant's answers to the Grand Jury's questions were used at the time of trial, and there is no question raised as to the suppression of evidence.

Appellant, Abdelrahman Albarqawi, and his wife, April Albarqawi, were jointly indicted for murder in connection with the death of their daughter, Nadda Azeez Albarqawi, who was less than three months of age and who exhibited the "battered child" syndrome. Appellant and his wife denied any mistreatment of the child. The jury convicted Appellant of murder and set his punishment for 30 years. The jury convicted Appellant's wife of criminally negligent homicide and set her punishment at confinement for one year, probated. She waived her right to appeal. Appellant's conviction is affirmed.

There is no challenge to the sufficiency of the evidence. The record shows that Appellant and his wife brought their small child to the hospital at Ranger, Texas, on the evening of July 9, 1980. The child was not breathing. The nurses and Dr. Luther R. Gohlke testified as to their attempts to save the child's life. The baby was transferred to Hendrick Medical Center in Abilene by ambulance that same night. The child died July 19, 1980. All of the medical records were introduced into evidence, and Dr. Stephen Thomas Faehnle and Dr. Dan Pope testified as to their findings while the child was in the hospital at Abilene. The nurses and doctors also testified as to the parents' inability to explain the fractures which were found when the child was X-rayed. Dr. Charles S. Petty, Chief Medical Examiner for Dallas County, also testified as to his autopsy examination. There were recent fractures of several ribs (right ribs number 6 and 7 and left ribs number 6, 7, 8 and 9), and the left lung was collapsed. There were also old fractures of left ribs 2, 3 and 4. There was also a hemmorhage of the brain which could have been caused by shaking the child or hitting it. Dr. Petty's opinion of the cause of death was "multiple injuries involving the head and chest. No

natural disease process of significance was found." The jury was charged on the law of circumstantial evidence.

■ Appellant has briefed three Grounds of Error. Ground One claims the trial court committed reversible error by refusing to grant Appellant's Motion to Quash Indictment. This ground is overruled. Even if it was error to compel Appellant and his wife to appear before the grand jury and question them, after they expressed their desire to remain silent and asked to talk to their lawyer, this does not make the indictment void. It would merely give them the constitutional right to suppress any statements made and any evidence discovered as a result of the statements. See the opinions of the Supreme Court in *United States v. Mandujano*, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976). The plurality opinion of the Court by Chief Justice Burger (joined by Justices White, Powell, and Rehnquist) states, 425 U.S. at 572, 96 S.Ct. at 1774, 48 L.Ed.2d at 219:

When called by the grand jury, witnesses are thus legally bound to give testimony....

The grand jury's authority to compel testimony is not, of course, without limits. The same Amendment that establishes the grand jury also guarantees that "no person ... shall be compelled in any criminal case to be a witness against himself...."

Under settled principles, the Fifth Amendment does not confer an absolute right to decline to respond in a grand jury inquiry; the privilege does not negate the duty to testify but simply conditions that duty.

The opinion continues, 425 U.S. at 575, 96 S.Ct. at 1775, 48 L.Ed.2d at 221:

Accordingly, the witness, though possibly engaged in some criminal enterprise, can be required to answer before a grand jury, *so long as there is no compulsion to answer questions that are self-incriminating*; the witness can, of course, stand on the privilege.... The witness must invoke the privilege, however, as the Con-

stitution does not forbid the asking of criminative questions. (Emphasis added)

The opinion then states, 425 U.S. at 576, 96 S.Ct. at 1776, 48 L.Ed.2d at 222:

(U)nless immunity is conferred, however, *testimony may be suppressed, along with its fruits, if it is compelled over an appropriate claim of privilege.* (Emphasis added)

The opinion then distinguishes *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) by stating, 425 U.S. at 581, 96 S.Ct. at 1778, 48 L.Ed.2d at 225:

Under *Miranda*, a person in police custody has, of course, an absolute right to decline to answer any question, incriminating or innocuous, see *Michigan v. Mosley*, 423 U.S. 96 [96 S.Ct. 321]; 46 L.Ed.2d 313 (1975), whereas a grand jury witness, on the contrary has an absolute duty to answer all questions, subject only to a valid Fifth Amendment claim. And even when the grand jury witness asserts the privilege, questioning need not cease, except as to the particular subject to which the privilege has been addressed....

Under settled principles the witness may not insist upon the presence of his attorney in the grand jury room.

See also *United States v. Wong*, 431 U.S. 174, 97 S.Ct. 1823, 52 L.Ed.2d 231 (1977); *Yarbrough v. State*, 617 S.W.2d 221 (Tex. Cr.App.1981).

None of the United States Supreme Court cases cited by Appellant would require the quashing of his indictment. We agree that he would be entitled to insist that such "testimony may be suppressed, along with its fruits, if it is compelled over an appropriate claim of privilege." See *Mandujano*, 425 U.S. at 576, 96 S.Ct. at 1776, 48 L.Ed.2d at 222. Here, there was no showing that such grand jury statements, or any "fruits of the poisonous tree," [1] were used against Appellant.

Appellant also cited *McClellan v. State*, 413 S.W.2d 391 (Tex.Cr.App.1967). We note that the Court of Criminal Appeals stated:

To affirm this conviction we would be required to find, *contrary to the trial court's ruling*, that appellant was not deprived of a constitutional right and it was not fundamental error to require him to appear before the grand jury that found the indictment against him....

We conclude, *without passing upon the trial court's ruling*, that the proper disposition of this appeal is to reverse the conviction and remand the cause....(emphasis added)

We do not agree with the trial judge's ruling in *McClellan*.

◼ The Second Ground of Error argues that the trial court erred in denying Appellant's motion for an instructed verdict of not guilty "in that there was no evidence in the testimony to show that the two defendants were joint offenders acting with a common purpose in concert under that common purpose." This ground is overruled. The circumstantial evidence was sufficient to support the jury's verdict. The case of *Sampson v. State*, 83 Tex.Cr.App. 594, 204 S.W. 324 (1918), cited by Appellant, is not in point on this Ground of Error. We agree with the statement in *Sampson* that:

(W)here it is a joint offense, or jointly charged, the state would not meet the allegations by showing separate acts by the alleged joint actors.... This matter should have been submitted to the jury as requested by counsel in the special charges....

There were no objections to the charge to the jury in this case. See Tex.Code Crim. Pro.Ann. art. 36.14 (Vernon 1981). There were no requested special charges. See Tex.Code Crim.Pro.Ann. art. 36.15 (Vernon 1981).

◼ The last Ground of Error contends that the trial court committed reversible error in failing to grant Appellant's motion for new trial "in that the verdict of the jury did not conform and comply with the charge of the Court given to the Jury, and such verdict cannot be reconciled with the law in the Court's charge." This ground is

---

1. See *Nardone v. United States*, 308 U.S. 338, 60 S.Ct. 266, 84 L.Ed. 307 (1939).

also overruled. The finding that Appellant's wife was guilty of criminally negligent homicide and not guilty of murder does not require a finding that Appellant was not guilty of murder. The jury is the exclusive judge of the facts under Tex.Code Crim.Pro.Ann. art. 36.13 (Vernon 1981). See *Indo v. State*, 502 S.W.2d 166 (Tex.Cr. App.1973). The jury was charged on the requirements for conviction on circumstantial evidence. The circumstantial evidence is sufficient to support the jury's verdict that Appellant is guilty of murder. The fact that the jury convicted Appellant's wife of the lesser included offense does not preclude it from convicting him of murder.

The trial court's judgment is affirmed.