**TEXAS DEPARTMENT OF PUBLIC SAFETY and the El Paso Police Department, Appellants,**

v.

**Thomas Watson WIGGINS, Appellee.**

No. 08–84–00353–CV.

Court of Appeals of Texas, El Paso.

March 13, 1985.

W. Barton Boling, Asst. Atty. Gen., Mike Thompson, Asst. City Atty., El Paso, for appellants.

Pat E. Dwyer, El Paso, for appellee.

Before STEPHEN F. PRESLAR, C.J., and WARD and OSBORN, JJ.

## OPINION

WARD, Justice.

This is an appeal from the order of the trial court granting the expunction of criminal records under Tex.Code Crim.Pro.Ann. art. 55.01 (Vernon Supp.1985). Because the order of expunction was erroneous and based on no evidence, the order entered will be reversed and rendered.

The Petitioner, Thomas Watson Wiggins was arrested for various offenses occurring in El Paso County in December, 1969, and January, 1970.

The evidence, testimony and records admitted into evidence at the hearing on the Petition for Expunction established, without contradiction, that Petitioner's arrest on December 18, 1969, resulted in felony indictments being presented against Petitioner in the District Courts of El Paso County, Texas, in Cause Nos. 22662, 22663, 22664, 22665 and 22701. The evidence, testimony and records further established the following as to those felony indictments:

(1) That in Cause No. 22662, Petitioner was indicted for the felony offense of assault with intent to rob, and that on February 10, 1971, on the motion of the District Attorney that further prosecution was not warranted, the court dismissed that indictment.

(2) That in Cause No. 22663, Petitioner was indicted for the felony offense of theft, and on February 1, 1971, Petitioner pled guilty to that indictment and was sentenced to four years in the Texas Department of Corrections. Petitioner stated in open court that he did not seek expunction of these records, and they were not expunged.

(3) That in Cause No. 22664, Petitioner was indicted for the felony offense of robbery by firearms, and that on February 10, 1971, on the motion of the District Attorney that further prosecution was not warranted, the court dismissed that indictment.

(4) That in Cause No. 22665, Petitioner was indicted for the felony offense of robbery by firearms, and that on February 10, 1971, on the motion of the District Attorney that further prosecution was not warranted, the court dismissed that indictment.

(5) That in Cause No. 22701, Petitioner was indicted in 1970, for the felony offense of assault with intent to rob, and that on July 21, 1971, on the motion of the District Attorney that further prosecution was not warranted because Petitioner pled guilty to four years to serve in Cause No. 22663 on February 1, 1971, the court dismissed that indictment.

As regards Petitioner's El Paso County arrest on January 13, 1970, for the offense of contributing to the delinquency of a minor, Petitioner alleged in his petition that this arrest was Sheriff's Case No. 27169 and further alleged that it was dismissed on February 10, 1971; however, Petitioner presented no evidence, testimony or records to support that allegation, and

from the evidence in this case it is unknown what disposition was made of that arrest for contributing to the delinquency of a minor.

After the expunction hearing, the trial court entered the judgment granting all relief requested regarding the expunction of all records previously mentioned with the exception of those relating to the one upon which conviction resulted. Findings of fact and conclusions of law were requested and filed, among which we find the following:

## FINDINGS OF FACT

(4) That although Petitioner Thomas Wiggins and his Attorney Pat E. Dwyer conducted an inquiry at the District Attorneys office of El Paso County, Texas and all records on the indictments in all the arrests and causes in this matter were unavailable and have either been destroyed or lost.

(6) That there is no record of any preliminary hearing or any examing [sic] trial in any of the indicted cases that were later dismissed or in Sheriff's case number 27169.

(8) That the uncontroverted testimony of Petitioner Thomas Wiggins as to the lack of probable cause in the indicted cases that were dismissed as well as a review of all the testimony, evidence, and lack of evidence indicates and the court finds that there was absence of probable cause at the time of the dismissals in Cause Numbers 22664, 22665, 22662, and 22701 in 34th District Court of El Paso County, Texas and in Sheriff's case number 27169.

(9) That the matters involved in this cause should be resolved once and for all; and that for a partial microfilm record that is gathering dust to impede th [sic] future of a young man who has an unblemished rehabilatative [sic] record of eleven plus years and a family to care and provide for merits equitable relief as well.

Among the interested parties, only the Texas Department of Public Safety and the El Paso Police Department answered, appeared at the trial and have perfected an appeal. Two points of error are presented, the first being to the effect that as a matter of law the Petitioner was not entitled to have his records expunged, and the second being that there was no evidence in the record or, in the alternative, insufficient evidence to support the order of expunction.

The purpose of Article 55.01, Tex. Code Crim.Pro.Ann. (Vernon Supp.1985), is to allow those persons who are wrongfully arrested to expunge those arrest records. *Texas Department of Public Safety v. Failla*, 619 S.W.2d 215, 217 (Tex.Civ.App. —Texarkana 1981, no writ). The right to expunction is available only when all the statutory conditions of the article have been met, the court having no equitable power to extend the clear meaning of the statute. See: *Texas Commission on Law Enforcement Officer Standards and Education v. Watlington*, 656 S.W.2d 666, 668 (Tex.App.—Tyler 1983, writ ref'd n.r.e.); *Gilbert v. State*, 437 S.W.2d 444, 446 (Tex. Civ.App.—Houston [14th Dist.] 1969, writ ref'd n.r.e.). One who would avail himself of the statutorily created rights embodied in Articles 55.01–55.05 thus cannot invoke the court's equity powers in order to bend the clear requirements of Article 55.01, and none of the parties assert that Article 55.01 is unclear. See: *Second Injury Fund v. Keaton*, 162 Tex. 250, 345 S.W.2d 711, 714 (1961); *City of Dallas v. Wright*, 120 Tex. 190, 36 S.W.2d 973, 974 (1931); *Jensen v. Bryson*, 614 S.W.2d 930, 933 (Tex.Civ.App. —Amarillo 1981, no writ). An expunction proceeding is civil in nature rather than criminal, with the burden of proving compliance with the statutory conditions resting solely with the petitioner. See: *Ex Parte Paprskar*, 573 S.W.2d 525, 528 (Tex. Crim.App.1978); *Johnson v. Darr*, 114 Tex. 516, 272 S.W. 1098, 1099 (1925); *Cyrus v. State*, 601 S.W.2d 776, 777 (Tex.Civ.App.— Dallas 1980, writ ref'd n.r.e.).

Paragraph (1) of Article 55.01 requires basically that no indictment or information charging the petitioner with a felony arise out of the transaction he was arrested for or if it was presented it has been dismissed because it resulted from a mistake, false information or other similar reason indicating an absence of probable cause at the time of the dismissal to believe the person committed the offense or because it was void.

We have examined the Petitioner's testimony and there is none supporting any of the requirements set forth in paragraph (1) of the statute as to the indicted offenses. There was no evidence of any kind made as to the Sheriff's Case No. 27169. No evidence supports any of the referred to findings of fact. Unsworn statements and arguments made by Petitioner's attorney are not evidence. Both points are sustained and the judgment of the trial court is reversed and judgment is hereby rendered that the Petitioner take nothing and that his request for expunction of any of the records be denied.