**Ex parte Leon RALEIGH aka Leonard Smith.**

**No. 69407.**

Court of Criminal Appeals of Texas, En Banc.

March 27, 1985.

Rehearing Denied May 15, 1985.

Leon Raleigh, pro se.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is an application for writ of habeas corpus pursuant to Article 11.07, V.A.C.C.P., seeking postconviction relief in case number 270227 in the 208th Judicial District Court of Harris County, a conviction

---

1. This being the military command ordering troops in a formation to align themselves in perfectly neat little rows.

for burglary of a building with punishment enhanced by prior convictions.[1]

The conviction for burglary of a trailer in case number 238927 is based on an indictment applicant again contends is fundamentally defective. In pertinent part the indictment alleges that applicant

"with intent to commit theft, [did] break and enter a *trailer* owned by [named complainant] without the effective consent of the Complainant."[2]

Pointing out that our statutes do not specifically denounce an offense of "burglary of a trailer," applicant calls attention to the fact that a burglary may be of a building or habitation under V.T.C.A. Penal Code, § 30.02; of a coin operated machine, § 30.03; or of a vehicle, § 30.04. Analogizing from the theory underlying such decisions as *Ex parte Wilson*, 588 S.W.2d 905 (Tex.Cr.App.1979), applicant argues that since "trailer" is not identified as an object of burglary in any statute prescribing an offense of burglary, and it was necessary for the State to prove the fact that the "trailer" alleged is either a building, habitation, coin operated machine or vehicle, "it was equally necessary for the State to allege this fact in the indictment," *Wilson,* supra, at 908. Applicant refers to the indictment in *Washington v. State,* 603 S.W.2d 859 (Tex.Cr.App.1980), as an example of a proper way to allege an offense involving a "trailer," *viz:* "with intent to commit theft, [did] break and enter a vehicle, namely: ONE (1) TRAILER. without the effective consent of the ... owner thereof ..."

■ For its part, the State responded to the application for writ of habeas corpus by alluding to what the evidence showed the alleged "trailer" actually is, citing *Ellett v. State,* 607 S.W.2d 545 (Tex.Cr.App.1980) and V.T.C.A. Penal Code, § 30.01(2). However, when testing a charging instrument for failure to allege an essential element of an offense, courts look only to the face of the instrument. Article 27.08, V.A.C.C.P., and *American Plant Food Corp. v. State,* 508 S.W.2d 598 (Tex.Cr.App.1974).

■ Given those opposing views and that neither side cites a case in point, and we have not been able to find one, the Court confronts an issue of first impression under the present penal code. We will find the indictment is not fundamentally defective.

As commonly understood and used, a trailer is a vehicle usually drawn by an automobile or light truck that is designed to serve wherever finally parked as a dwelling or place of business; it is also a vehicle designed to be pulled by a motor vehicle such as a tractor on a highway or in and around an industrial site. Webster's New Collegiate Dictionary. For purposes of traffic regulations the Legislature has defined "trailer:"

"Every vehicle with or without motive power, other than a pole trailer, designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle."

Article 6701d, § 5(a), V.A.C.S. "Trailer" is similarly defined in regulating registration of vehicles in Article 6675a–1(g), V.A.C.S., *viz:* "every vehicle designed or used to carry its load wholly on its own structure and to be drawn by a motor vehicle."

In short, then, the meaning of "trailer" includes a specially designed kind of vehicle

---

1. Used for enhancement were convictions in case number 238927 in the 208th Judicial District Court of Harris County. Applicant has attacked the prior conviction in case number 238927 previously. The indictment, judgment of conviction and sentence also included a count alleging the offense of theft, as well as burglary of a trailer. *In Ex Parte Leon Flanagan Raleigh,* Cause No. 66,247, delivered December 12, 1980, the Court granted relief from the conviction for theft in a unpublished opinion that broadly ordered "the judgment of conviction in Cause no. 238,927 ... set aside and the indictment ... dismissed." But as applicant recognizes in the instant application, "there was no mention by the Court regarding the Burglary Count," so he is now renewing his challenge to that part of the judgment of conviction.

2. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

that may be pulled from place to place by a motor vehicle, and when it comes to rest may serve as dwelling or used to house a business or occupation.

According to V.T.C.A. Penal Code, § 30.-01(3), when prescribing offenses of burglary and criminal trespass, use of "vehicle" includes "any device in, on, or by which any person or property is or may be propelled, moved, or drawn in the normal course of commerce or transportation, except such devices as are classified as 'habitation.'" Conversely, "habitation" means "a structure or vehicle that is adapted for the overnight accommodation of persons," *id.*, § 30.01(1), and "building" means any enclosed structure intended for use or occupation as a habitation or for some purpose of trade, manufacture, ornament, or use," *id.*, 30.01(2).

It is not only axiomatic but also statutorily declared that "[w]ords used in a statute to define an offense need not be strictly pursued in the indictment; it is sufficient to use other words conveying the same meaning, or which include the sense of the statutory words." Article 21.17, V.A.C. C.P. *Ross v. State,* 594 S.W.2d 100, 101 (Tex.Cr.App.1980). As alleged in the indictment in question, "trailer" is a "habitation," "building" or "vehicle" within the meaning of burglary offense prescribed in Chapter 30. Therefore, the indictment does allege an offense of burglary, sufficient to admit evidence as to the particular kind of trailer alleged to have been burglarized, and for that reason is not fundamentally defective.[3]

Accordingly, applicant has not shown himself entitled to relief, and his prayer that the conviction for burglary of a trailer in case number 238927 be vacated and set aside is denied; concomitantly, his prayer that the conviction in case number 270227 be vacated and set aside and that he be remanded to custody of the Sheriff of Har-

ris County to answer the latter indictment is also denied.

All requested relief is denied.

.

---

**3.** While it is difficult to conceive of a coin operated machine being a trailer, should the evidence show that the alleged "trailer" is such a machine within the contemplation of § 30.03, supra, a different problem would be presented—one we are not called on to resolve here.