**JEFFERSON COUNTY CRIMINAL DISTRICT ATTORNEY'S OFFICE, Jefferson County Sheriff's Office, and Jefferson County District Clerk's Office, Appellant,**

v.

**Carl A. PARKER, Appellee.**

**No. 09-87-227-CV.**

Court of Appeals of Texas,
Beaumont.

Feb. 23, 1989.

Tom Maness, Thomas F. Rugg, for appellant.

Thomas L. Hanna, Walter Sekaly, for appellee.

## OPINION AFTER FILING OF TRIAL COURT'S FINDINGS OF FACT AND CONCLUSIONS OF LAW

DIES, Chief Justice.

Petitioner below, Appellee herein, sought the expunction of certain records as provided in *TEX.CODE CRIM.PROC.ANN. sec. 55.01* (Vernon Supp.1988). The trial court concluded that expunction was in order. The State, as Appellant, timely requested the trial court to file findings of fact and conclusions of law, and when the trial court failed to do so, timely brought such failure to the attention of the judge pursuant to the requirements of *TEX.R.CIV.P. 297.* On October 27, 1988, this court ordered the trial court to make and file such findings of fact and conclusions of law. The trial court has now done so. Examination of such findings of fact and conclusions of law leads us to conclude that the trial court's order of expunction was correct and satisfied the requirements of *Section 55.01* of the code cited above. The order of the trial court is, therefore, affirmed.

Affirmed.

BROOKSHIRE, Justice, dissenting.

With respect, this dissent is filed. This appellate proceeding involves *TEX.CODE CRIM.PROC.ANN. art. 55.01* (Vernon Supp.1989). *Article 55.01* provides, under certain circumstances, for the expungement of arrest records if certain conditions are met in accordance with the plain provisions and wording of the article. Each of the conditions must exist, the statute mandates.

A statement of the history, background, facts and nature of the case are ably set out in the briefs of the parties.

Carl A. Parker, Appellee, according to his brief, was arrested on September 11, 1984, in Jefferson County. His arrest followed the return of three indictments which alleged aggravated promotion of prostitution, *TEX.PENAL CODE ANN. sec. 43.04* (Vernon 1974); wholesale promotion of obscenity, *TEX.PENAL CODE ANN. sec. 43.23* (Vernon Supp.1989), and aggravated perjury, *TEX.PENAL CODE ANN. sec. 37.03* (Vernon 1974). The April, 1984, Grand Jury of Jefferson County issued this first set of three true bills of indictments.

The Appellee filed a pleading styled Motion to Quash and Set Aside the Indictments, citing as authority *TEX.CODE CRIM.PROC.ANN. art. 27.03, subsection 3* (Vernon 1966) and *TEX. CONST. art. I, sec. 10* (1876, amended 1918). This first Motion to Quash addressed the April, 1984, Grand Jury indictments. On November 13th and 14th, 1984, a hearing was held before the Honorable Perry D. Pickett, a visiting judge presiding. At the conclusions of the hearings, Judge Pickett granted the Motion to Quash and dismissed the indictments.

Following the granting of the Motion to Quash the three indictments and dismissing

the same, a second grand jury indicted Appellee for wholesale promotion of obscenity, *TEX.PENAL CODE ANN. sec. 43.23* (Vernon Supp.1989), and for organized criminal conduct, *TEX.PENAL CODE ANN. sec. 71.02* (Vernon Supp. 1989). This second grand jury was the October, 1984, Jefferson County Grand Jury. These indictments were filed on March 22, 1985. Again, the Appellee made bond on the same date. This second set of two indictments was contested by a Motion to Quash and Set Aside under *TEX.CODE CRIM.PROC.ANN. art. 27.03, subsection 2* (Vernon 1966). On May 14, 1985, these indictments were also quashed and dismissed. A notation on the docket sheet is crucial and paramountly important. It reads:

"5–14–85 Court convened at 1 P.M.— heard final arguments.

"The Court grants defendants' motion to set aside the indictments on grounds an unauthorized member of the Grand Jury participated in and voted on the indictments.

"Perry D. Pickett
"Judge Presiding."

It should be noted that this docket entry is importantly different from the earlier docket entries having to do with the first set of indictments inasmuch as the docket entry specifically sets out the grounds for setting aside the indictments solely on the stated grounds of an unauthorized member of the grand jury participating in, and voting on, the indictments. A third Grand Jury declined to find any true Bill of Indictment against Appellee.

The matters lay dormant for awhile. Appellee then filed a Motion for Expunction of the arrest records and other materials relating to the five indictments returned by the April, 1984, and the October, 1984, Grand Juries. Another visiting judge was assigned to hear the Motion for Expunction.

The Appellee contends that all of the indictments were void. The Appellants counter and brief two points of error which are similar in wording and thrust. Appellants say the trial court erred in ordering the expunction of the indictments returned by the April, 1984, Grand Jury. The trial on expungement was presided over by Judge Kitzman, who erred, Appellants contend, in finding that the indictments (and each of them) were void and that he erred further in granting the Motion for Expunction under *TEX.CODE CRIM.PROC.ANN. art. 55.01* (Vernon Supp.1989). The second point of error takes the same position as to the October, 1984, grand jury indictments. Appellants argue the indictments were not void. This appeal follows the granting of expunction by Judge Kitzman.

It should be borne in mind that the indictments, as such, are being reviewed in this appeal. It should be noticed, too, that since the Appellee did not offer any evidence or testimony to show that there was an absence of probable cause to return the indictments, then no grounds exist to grant expunction on that basis. *Texas Dept. of Public Safety v. Wiggins*, 688 S.W.2d 227 (Tex.App.—El Paso 1985, no writ). The governing, paramount, relevant part of *Article 55.01(1)*, in issue before us, provides:

" . . . [I]f an indictment or information charging him with commission of a felony was presented, it has been dismissed and the court finds that it was dismissed because the presentment had been made because of mistake, false information, or other similar reason indicating absence of probable cause at the time of the dismissal to believe the person committed the offense *or because it was void*". (Emphasis added)

The Appellee simply does not show that there was an absence of probable cause for the five indictments involved. Also, Judge Picket made no finding of "absence of probable cause." Appellee had the burden of proof on these defenses in the trial court. *Texas Dept. of Public Safety v. Wiggins*, 688 S.W.2d 227 (Tex.App.—El Paso 1985, no writ). Thus, the only basis for granting expunction was that each of the indictments was void.

On none of the original docket sheets, signed by Judge Pickett, was there any finding that the indictments were void. The several docket notations read that the

indictments are simply dismissed, as to the first group of indictments filed by the April, 1984, Grand Jury. The second set of docket sheets points out that the reason for the dismissal of the October, 1984, Grand Jury indictments was that *"an unauthorized member of the Grand Jury* participated in and voted on the indictments." [Emphasis ours] This notation and ruling, itself, by Judge Perry Pickett, shows and clearly demonstrates, that the indictments returned by the October, 1984, Grand Jury were not void. *Howard v. State*, 704 S.W. 2d 575 (Tex.App.—Beaumont 1986, no pet.) In *Howard, supra,* we held that a grand juror's qualifications are determined and fixed at the time the grand juror is impaneled and takes the qualifying oath, that a grand juror's moving across a county line from Jefferson County to Lumberton, in the extreme south part of Hardin County, did not disqualify him. One Mr. Kinchen had so moved. We held that the moving grand juror was not an unauthorized person. Even a concurring opinion held that if Mr. Kinchen, the moving juror, became disqualified, the Appellant, Howard, necessarily had to show that Kinchen took part in the deliberations and voted on the indictment in question. None of these requirements have been shown by this record.

We further held, in *Howard, supra,* that the grand juror involved, a Mr. Kinchen, was, at the very least, a "de facto" grand juror and that Kinchen was authorized to be present, to deliberate and to vote on indictments.

The October, 1984, Grand Jury returned indictment No. 45545 and charged that the Appellee, on or about April 19, 1984, did, "knowing the content and character of certain material ... with the intent to wholesale promote, said material, which was obscene in that it depicts patently offensive representations of actual and simulated sexual intercourse and sodomy." The indictment named a video tape entitled "Waterpower", a videotape titled "Peepholes" and a videotape entitled "Temptation", as well as certain other adequately described videotapes. This indictment was based on *TEX.PENAL CODE ANN. sec. 43.23* (Vernon Supp.1989); *it stated an offense.* The indictment properly pleaded the obscenity part of the true bill in accordance with the Penal Code's definition of "obscene." *TEX.PENAL CODE ANN. sec. 43.21* (Vernon Supp.1989). The elements of the offense were alleged. The indictment stated an offense; it was not void.

The docket sheet on No. 45545 contains an entry which states:

"The Court grants defendants [sic] motion to set aside the indictments on grounds an unauthorized member of the Grand Jury participated in and voted on the indictments."

This "unauthorized member" was a reference to a member of the grand jury who, after being properly qualified and duly sworn as a member of the grand jury, at a later time, during the grand jury's term, moved out of Jefferson County to an adjacent county. As stated above, our court dealt with this very question in *Howard v. State*, 704 S.W.2d 575 (Tex.App.—Beaumont 1986, no pet.). This same juror apparently was also involved in Cause No. 45546, based on *TEX.PENAL CODE ANN. sec. 71.02* (Vernon Supp.1989), being entitled as "Engaging in Organized Criminal Activity." The bill of indictment in 45546 is lengthy and *states an offense* and all the elements thereof. It would serve no useful purpose to recite the details of this indictment which sets forth, inter alia, over 21 allegations in 21 separate paragraphs averring violations of *sec. 71.02.* In *Howard, supra,* this Ninth Court, without dissent, concluded that the challenge to the indictments, based on "an unauthorized member" of this grand jury, was not valid. Hence, the indictments were certainly not void.

Under this record and *TEX.CODE CRIM.PROC.ANN. art. 55.01* (Vernon Supp.1989), the dispositive issue becomes a construction of the phrase "because it was void." The legal term "void" was familiar to the Legislature when *Article 55.01* was enacted into law. Without question, the burden of going forward and the burden of proof was upon the Appellee to demonstrate compliance with the terms of the

statute on expunction in order to avail himself of the relief sought. *See Texas Dept. of Public Safety v. Wiggins*, 688 S.W.2d 227 (Tex.App.—El Paso 1985, no writ). Even if, in a case, a jury found an acquittal or if the judge directed a verdict against the State and for the accused, the statutory enactment does not provide for the eradication or expunction of the records. Indeed, the Legislature has not enacted such a statute to give such relief to an accused who has been acquitted.

In the interesting and important case of *Albargawi v. State*, 626 S.W.2d 136 (Tex. App.—Eastland 1981, disc. rev. ref'd), the indictment was founded upon a violation of that defendant's privilege against self-incrimination. Also, in that proceeding, the accused was denied his right of counsel, a constitutionally-guaranteed right, but expunction was not granted in *Albargawi, supra.*

The judge assigned to hear the Motion for Expungement was mandated, under settled Texas law, to follow the requirements of the statute; he did not have the prerogative to extend, enhance or construe over broadly the statute. *Texas Dept. of Public Safety v. Wiggins, supra.* For example, the indictment, under *TEX.PENAL CODE ANN. sec. 71.02* (Vernon Supp. 1989), certainly states an offense as the allegations closely track the elements of *sec. 71.02.* This indictment set forth the names of the five persons alleged to have been participating in a "combination." "Combination" is the word used in the statute and the indictment. The indictment further alleges that the five did agree, among themselves and with each other, to engage in conduct constituting an offense by delivering a certain controlled substance. The indictment identifies the substance as being cocaine, thus giving adequate notice. Then the indictment, in detail, sets out that, in pursuance to the said agreement to participate in a "combination", the five members of the combination did perform certain overt acts, being 21 separate overt actions. A careful reading of this bill of indictment makes certain it was not void. Since it was not void, it was not subject to being expunged under settled, well-established law.

The same is true of the indictment in Cause No. 45545. That indictment stated an offense. It was not void and it was not subject to being expunged. The attack of Appellee is that his motion to quash the indictments was contested "under *TEX. CODE CRIM.PROC.ANN. art. 27.03, subsection 2* (Vernon 1966)". But we have decided to the contrary. *See Howard, supra. TEX. CONST. art. I, sec. 10,* of the Bill of Rights, was not pleaded in this second motion to quash. *Art. I, sec. 10,* provides that in all criminal prosecutions the accused shall have a speedy public trial by an impartial trial jury. The accused shall have the right to demand the nature and cause of the accusation against him and to have a copy of the same. The accused also shall not be compelled to give evidenced against himself and shall have the right of being heard by himself or counsel, or both. He shall have compulsory process for obtaining witnesses in his favor. Then there are provisions concerning the anti-trust laws of Texas which are not remotely relevant to this appeal and, further, *sec. 10* provides that no person shall be held to answer for a criminal offense unless on an indictment of a grand jury. Judge Pickett did not find any violation of *Art. I, sec. 10* of the Texas Constitution as to either set or any single indictment. No constitutional right or protection of Appellee was violated under this record.

The prerequisite of an indictment by a grand jury was designed to protect an individual against unjust prosecution without a sufficient cause. And, of course, the said indictment must inform the accused of the nature of the charges against him in order that he might adequately prepare his defense. *See Zweig v. State*, 74 Tex.Crim. 306, 171 S.W. 747 (1914). In this type of proceeding for expunction, the burden is clearly upon the Appellee to show the lack of sufficient cause. This, he has utterly failed to do. Furthermore, as to the second set of indictments handed down by the October, 1984, grand jury, the second Motion to Quash was not based on *TEX. CONST. art. I, sec. 10,* or any other State

constitutional or Federal constitutional provision. No Texas or Federal constitutional provisions were pleaded.

A long line of decisional and statutory authorities has established the settled rule that, if the indictment alleges an offense that was committed by the accused; then, that charging instrument is sufficient in law to support a verdict of guilty, if such a verdict is returned thereon. *American Plant Food Corporation v. State*, 508 S.W.2d 598 (Tex.Crim.App.1974). Such an indictment is not void. For an indictment to be void, it must be utterly insufficient and fail to allege an offense and, of course, any conviction based upon a void indictment is also void. The indictments under review, here, are not fatally defective since each of them alleged and pleaded a commission of an offense against the law. *TEX.CODE CRIM.PROC.ANN. art. 27.-08(1)* (Vernon 1966); *Lucero v. State*, 502 S.W.2d 128 (Tex.Crim.App.1973), (first case); *Standley v. State*, 517 S.W.2d 538 (Tex.Crim.App.1975). For an indictment to be declared void, it must omit a necessary element of an offense which had been attempted to be pleaded. An example of such an omitted, necessary element is an indictment or charging instrument which does not show whether the allegations result in a felony or a misdemeanor. Thus, without such necessary allegation, the correct punishment cannot be determined. *See also Price v. State*, 165 Tex.Crim. 326, 308 S.W.2d 47 (App.1957). No one of the indictments before us omits a necessary element of the offense pleaded and the indictments are not subject to the contention that the said indictments do not show whether a felony or misdemeanor is alleged. *See also Timms v. State*, 542 S.W.2d 424 (Tex.Crim.App.1976); *Ward v. State*, 520 S.W.2d 395 (Tex.Crim.App.1975).

Logically, then, it follows that, if a conviction is based on a void indictment, the conviction is a nullity and jeopardy would attach. *See Illinois v. Somerville*, 410 U.S. 458, 93 S.Ct. 1066, 35 L.E.2d 425 (1973). But each one of these five indictments is so drawn that no one of them is void or fatally defective. The instant five indictments properly and correctly allege and plead offenses proscribed by law and, hence, they are not fundamentally defective; they are not void. *Anderson v. State*, 615 S.W.2d 745 (Tex.Crim.App.1981); *Ex Parte Moss*, 598 S.W.2d 877 (Tex.Crim.App.1980).

When testing a charging instrument, such as an indictment, for failure to allege an offense, courts will look only to the face of the charging instrument, itself. *Ex Parte Raleigh*, 688 S.W.2d 854 (Tex.Crim.App.1985). The opinion in *Ex Parte Raleigh, supra,* was an unanimous En Banc opinion. There was no dissent or concurrence.

Indeed, grave irregularities and serious errors taking place in the grand jury process do not make the indictment, as a result thereof, void. In *Albarqawi v. State*, 626 S.W.2d 136 (Tex.App.—Eastland 1981, disc. rev. ref'd), the court held, in substance, that even if it was serious, constitutional error to compel the appellant, along with his wife, to appear before the grand jury and to be questioned, after they had expressed their desire to remain silent and had asked to talk to their lawyer, this error does not make the indictment void; this error would merely give to Albarqawi and his wife the constitutional right to suppress any statements made to the grand jury as well as any evidence discovered as a result of those statements. *See United States v. Mandujano*, 425 U.S. 564, 96 S.Ct. 1768, 48 L.Ed.2d 212 (1976).

Since the indictments are not void, either facially or otherwise, *TEX.CODE CRIM.PROC.ANN. art. 55.01* (Vernon Supp.1989) requires that the trial court find that the presented indictments were presented because of mistake, false information, or absence of probable cause. Judge Perry Pickett never found anything even remotely complying with this part of *article 55.01* as a ground for expunction. Judge Oliver S. Kitzman did not make any such findings correctly based on the record.

This writer has asked the Clerk of our Court, on more than one occasion, to examine her records to see if all the materials the parties desired were brought forward

and filed in the record before us. There is a Transcript. There is a very short record of a colloquy between the Court, the Honorable Tom Hanna and the Honorable Mr. Baker, having taken place on August 25, 1986. There is no evidence or testimony, from witnesses under oath subject to direct and cross-examination, that this writer can find. Therefore, I think it is clear that certain findings of fact made by the second judge following the expungement hearing are clearly wrong. As an example, finding that the Transcript of the November 13, 1984, hearing contains evidence is incorrect. Another example is that the expungement judge takes the position that there was "evidence" before him of the May 14, 1985, hearing that supports the first visiting judge's ruling to set aside the indictments. I respectfully submit that such "evidence" was not before the expungement judge and is not in the record before us. Hence, I submit the expungement judge's germane corresponding Conclusions of Law on that matter are also erroneous. Conclusions of Law Nos. 1, 2, 3 and 4 are in error, under this record, because of the lack of proper, probative evidence or testimony before the expungement judge and the lack thereof in the record before us. Furthermore, because of the plain wording of *TEX.CODE CRIM. PROC.ANN. art. 55.01* (Vernon Supp. 1989), and *TEX.CODE CRIM.PROC.ANN. art. 55.02* (Vernon Supp.1989), Conclusions of Law 5 and 7, I respectfully submit, are erroneous. If there existed such evidence of testimony, and if the same has been, for some justifiable reason, omitted from the record; I think it should be supplied and brought forward so that our court could carefully read, study and analyze the same.

The brief of the Appellants unequivocally states that there was no evidentiary hearing ever held and; therefore, no attempt was made to satisfy the requirements of *TEX.CODE CRIM.PROC.ANN. art. 55.02* (Vernon Supp.1989), and that the "Statement of Facts", was only a dialogue between the expungement judge and the two trial lawyers. It was filed and is contained in the record. The Appellants further state that this constitutes the entire appellate record (with the Transcript), with reference to the appealed Motion and Order for Expunction, *and that no evidence was offered at the hearing other than the documents already before the court.* Applying *TEX.R.APP.P. 74(f)* to this case, these statements by the Appellants in the original briefs should be accepted as correct. Hence, there were no realistic attempts to satisfy the requirements of said *article 55.02.*

Since the right to expunction of arrest records, pursuant to the statute pleaded, is available only when all conditions set forth in the statute are met, and since the court hearing a petition to expunge arrest records, pursuant to the pleaded statute, has no equitable or other power to extend or enhance the clear meaning of the statute, and since a proceeding to expunge arrest records is civil in nature, with the burden of proving correct compliance with the statutory conditions, resting solely on the movant or petitioner; and, since no proper, ample evidence or testimony has been presented to the expungement judge or presented in the record before us, I am constrained to conclude that the order of expungement signed and entered September 22, 1987, by Honorable Oliver S. Kitzman, Judge Presiding, is erroneous. *Texas Dept. of Public Safety v. Wiggins, supra.*

For the above reasons, under the record filed herein with our Clerk, I courteously write and offer this opinion.